LAW OFFICES OF SKLAR SMITH-SKLAR
1901 N. Olden Avenue, Suite 22
Ewing, New Jersey 08618
(609) 882-9800   Fax: (609) 538-1399
KEITH D. SKLAR, ESQ. (91524)

LAW OFFICE OF ANTHONY J. SCIOLLA, JR., ESQ.
801 Old York Road, Suite 219
Jenkintown, Pennsylvania 19046
(215) 673-9222 Fax: (215) 885-7155
ANTHONY J. SCIOLLA, JR., ESQ. (25365)

## IN THE UNITED STATES BANKRUPTCY COURT
### Eastern District of Pennsylvania

| | | |
|---|---|---|
| RAFAIL THEOKARY, | : | Case No. 07-11008 (DWS) |
| Plaintiff/Debtor | : | Chapter 7 |
| | : | |
| Vs. | : | Adversary No.: |
| | : | |
| ERIC ABBATIELLO d/b/a ABBATIELLO | : | |
| RACING STABLES; GAITWAY FARM, INC.; | : | ADVERSARY COMPLAINT |
| SHOWPLACE FARMS; TOM SHAY; and any | : | FILED ON BEHALF OF DEBTOR |
| JOHN DOES (1-10) ENTITIES OR LEGAL | : | TO DETERMINE A VIOLATION |
| ENTITIES THAT BECOME KNOWN AFTER | : | OF 11 U.S.C. §362; TO RECOVER |
| FILING | : | THE COLLATERAL TAKEN; AND |
| | : | ACTUAL DAMAGES AS WELL AS : PUNITIVE DAMAGES |

COMES NOW RAFAIL THEOKARY, (hereinafter referred to as "Plaintiff") by and through his attorneys, Keith D. Sklar, Esq. and Anthony J. Sciolla, Jr., Esq. and complains of Eric Abatiello d/b/a Abbatiello Racing Stables, Gaitway Farm(s), Inc., Showplace Farms and Tom Shay, Creditors (hereinafter "Defendant(s)) and any John Does as follows:

1. That this Court has exclusive jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

2. That the Defendant(s) are Creditors in the above-entitled Chapter 7 Bankruptcy Proceeding, and Plaintiff, above-named is the Debtor.

3. That this is an adversary proceeding in which Plaintiff seeks a ruling that the

1

    Defendant(s) intentionally and willfully violated 11 U.S.C. §362 also known as the automatic stay of the United States Bankruptcy Code; that the Defendant(s) must turn over the collateral pursuant to 11 U.S.C. §542 and §543 and are responsible for actual as well as punitive damages pursuant to 11 U.S.C. §362(k)(1).

4. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A). If the Court should find that this is not a core matter, then Plaintiff consents to the entry of judgment by the United States Bankruptcy Judge.

5. That on or about February 16, 2007, Debtor filed a Petition under Chapter 7 of the United States Bankruptcy Code.

6. That the Plaintiff was the lessee of collateral, namely three horses, Macs Derrick T bearing the tatoo number X34657, Macs Emily BJ bearing the tatoo number 6A700, and Mac Only VP bearing the tatoo number Z78130.

7. That the Plaintiff valued these horses at $75,000 on his bankruptcy petition.

## COUNT ONE

8. That Defendant(s) Eric Abbatiello d/b/a Abbatiello Racing Stables did intentionally and willfully violate 11 U.S.C. §362 by taking action against a debtor in bankruptcy *inter alia* a stableman's lien sale to satisfy past due invoices after being noticed that the Debtor was in bankruptcy.

9. That the Defendant(s) commenced the Stableman's Lien sale on or about February 18, 2007, only two (2) days after the Debtor's filing.

10. That in spite of being noticed of the bankruptcy filing hired Jeffrey Pocaro, Esquire to effectuate the sale and have it approved by the bankruptcy court.

11. That the Defendant(s) after the stableman's lien sale conspired to perpetrate a fraud on this Court by having his attorney submit papers to the Chapter 7 Trustee alleging that

2

the leases of the horses, leased by the Debtor were in default and no longer valid.

12. That the Defendant(s) intended to deprive the Debtor of his possessory interest in the collateral that Debtor relied on to earn his living.

13. That the Defendant(s) in turn raced the Debtor's horses and kept all earnings.

14. That the Plaintiff has been obliged to retain the services of Keith D. Sklar, Esq. and Anthony J. Sciolla, Jr., Esq. to prosecute this action and is entitled to reasonable attorney's fees.

### COUNT TWO

15. Paragraphs 1 through 7 are incorporated by reference.

16. That Defendant(s) Gaitway Farm(s), Inc. did intentionally and willfully violate 11 U.S.C. §362 by taking action against a debtor in bankruptcy *inter alia* a stableman's lien sale to satisfy past due invoices after being noticed that the Debtor was in bankruptcy.

17. That the Defendant(s) commenced the Stableman's Lien sale on or about February 18, 2007, only two (2) days after the Debtor's filing.

18. That in spite of being noticed of the bankruptcy filing hired Jeffrey Pocaro, Esquire to effectuate the sale and have it approved by the bankruptcy court.

19. That the Defendant(s) after the stableman's lien sale conspired to perpetrate a fraud on this Court by having his attorney submit papers to the Chapter 7 Trustee alleging that the leases of the horses, leased by the Debtor were in default and no longer valid.

20. That the Defendant(s) intended to deprive the Debtor of his possessory interest in the collateral that Debtor relied on to earn his living.

21. That the Defendant(s) in turn raced the Debtor's horses and kept all earnings.

22. That the Plaintiff has been obliged to retain the services of Keith D. Sklar, Esq. and

3

Anthony J. Sciolla, Jr., Esq. to prosecute this action and is entitled to reasonable attorney's fees.

### COUNT THREE

23. Paragraphs 1 through 7 are incorporated by reference.

24. That Defendant(s) Showplace Farm(s), Inc. did intentionally and willfully violate 11 U.S.C. §362 by taking action against a debtor in bankruptcy *inter alia* a stableman's lien sale to satisfy past due invoices after being noticed that the Debtor was in bankruptcy.

25. That the Defendant(s) commenced the Stableman's Lien sale on or about February 18, 2007, only two (2) days after the Debtor's filing.

26. That in spite of being noticed of the bankruptcy filing hired Jeffrey Pocaro, Esquire to effectuate the sale and have it approved by the bankruptcy court.

27. That the Defendant(s) after the stableman's lien sale conspired to perpetrate a fraud on this Court by having his attorney submit papers to the Chapter 7 Trustee alleging that the leases of the horses, leased by the Debtor were in default and no longer valid.

28. That the Defendant(s) intended to deprive the Debtor of his possessory interest in the collateral that Debtor relied on to earn his living.

29. That the Defendant(s) in turn raced the Debtor's horses and kept all earnings.

30. That the Plaintiff has been obliged to retain the services of Keith D. Sklar, Esq. and Anthony J. Sciolla, Jr., Esq. to prosecute this action and is entitled to reasonable attorney's fees.

### COUNT FOUR

31. Paragraphs 1 through 7 are incorporated by reference.

32. That Defendant(s) Tom Shay did intentionally and willfully violate 11 U.S.C. §362 by

4

taking action against a debtor in bankruptcy *inter alia* a stableman's lien sale to satisfy past due invoices after being noticed that the Debtor was in bankruptcy.

33. That the Defendant(s) commenced the Stableman's Lien sale on or about February 18, 2007, only two (2) days after the Debtor's filing.

34. That in spite of being noticed of the bankruptcy filing hired Jeffrey Pocaro, Esquire to effectuate the sale and have it approved by the bankruptcy court.

35. That the Defendant(s) after the stableman's lien sale conspired to perpetrate a fraud on this Court by having his attorney submit papers to the Chapter 7 Trustee alleging that the leases of the horses, leased by the Debtor were in default and no longer valid.

36. That the Defendant(s) intended to deprive the Debtor of his possessory interest in the collateral that Debtor relied on to earn his living.

37. That the Defendant(s) in turn raced the Debtor's horses and kept all earnings.

38. That the Plaintiff has been obliged to retain the services of Keith D. Sklar, Esq. and Anthony J. Sciolla, Jr., Esq. to prosecute this action and is entitled to reasonable attorney's fees.

## **COUNT FIVE**

39. Paragraphs 1 through 7 are incorporated by reference.

40. That if any of the Defendant(s) previously mentioned enter an affirmative defense that they did not intentionally and willfully violate 11 U.S.C. §362 by taking action against a debtor in bankruptcy *inter alia* a stableman's lien sale to satisfy past due invoices after being noticed that the Debtor was in bankruptcy but some other legal entity did that the newly discovered entity may be joined in this action.

41. That if any of the Defendant(s) previously mentioned enter an affirmative defense that they did not commence the Stableman's Lien sale on or about February 18, 2007, only

5

two (2) days after the Debtor's filing but some other legal entity did that the newly discovered entity may be joined in this action.

42. That in spite of being noticed of the bankruptcy filing hired Jeffrey Pocaro, Esquire to effectuate the sale and have it approved by the bankruptcy court.

43. That the newly discovered Defendant(s) after the stableman's lien sale conspired to perpetrate a fraud on this Court by having his attorney submit papers to the Chapter 7 Trustee alleging that the leases of the horses, leased by the Debtor were in default and no longer valid.

44. That the new discovered Defendant(s) intended to deprive the Debtor of his possessory interest in the collateral that Debtor relied on to earn his living.

45. That the newly discovered Defendant(s) in turn raced the Debtor's horses and kept all earnings.

46. That the Plaintiff has been obliged to retain the services of Keith D. Sklar, Esq. and Anthony J. Sciolla, Jr., Esq. to prosecute this action and is entitled to reasonable attorney's fees.

WHEREFORE, Plaintiff, Rafail Theokary demands judgment against the Defendant(s), jointly and severally as follows:

    a. Return of the collateral namely the three horses named in paragraph 6;

    b. Actual damages in the amount of $1,000,000.00 (one million dollars);

    c. Punitive damages in the amount of $1,000,000 (one million dollars).

6

Dated this 19th day of February, 2009

                */s/Keith D. Sklar, Esq.*
                Keith D. Sklar, Esq.
                Attorney for Rafail Theokary, Debtor

                */s/Anthony J. Sciolla, Esq.*
                Anthony J. Sciolla, Esq.
                Attorney for Rafail Theokary, Debtor