**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | **Chapter 7** |
| **RAFAIL THEOKARY,** | : | |
| | : | |
| Debtor. | : | **Bky. No. 07-11008ELF** |
| | : | |
| | : | |
| **RAFAIL THEOKARY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **ERIC ABBATIELLO D/B/A ABBATIELLO** | : | **Adv. No. 09-051** |
| **RACING STABLES, et al.** | : | |
| | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW**, the Plaintiff-Debtor having filed an adversary complaint ("the Complaint")

asserting that the Defendants violated 11 U.S.C. §362(a);

**AND**, the Defendants having filed an Answer to the Complaint ("the Answer");

**AND**, the Plaintiff-Debtor having filed a Motion for Judgment on the Pleadings ("the

Motion");

**AND**, the Defendants having filed a response to the Motion ("the Response");

**AND**, the Plaintiff-Debtor basing the Motion on his contention that the Defendants have

admitted in their Answer that there are no factual disputes that:

      a.  as of the commencement of this bankruptcy case, the Plaintiff-Debtor had
          property in which the Defendants held a lien;

      b.  the Defendants knew that the Plaintiff-Debtor filed this bankruptcy case; and

c. with knowledge of the filing of the case, the Defendants caused a stablemen's lien sale of the Plaintiff-Debtor's property to take place;

**AND**, Defendants Gaitway Farm, Inc. and Showplace Farms having denied that they caused the stableman's lien sale to take place, see Answer ¶¶16-29; see also Response ¶16;

**AND**, all of the Defendants having denied that the Plaintiff-Debtor had any interest in the property that was the subject of the post-petition stableman's lien sale, see Answer ¶6 (denying that the alleged lease giving rise to the Plaintiff-Debtor's claimed property interest was in effect); see also Response ¶18;

**AND**, in considering a motion for judgment on the pleadings, the court being required to "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party", see, e.g., In re Reading Broad., Inc., 390 B.R. 532, 548 (Bankr. E.D. Pa. 2008)(quoting Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005));

**AND**, it being proper to grant such motions only if the movant establishes there are no issues of material fact and that he or she is entitled to judgment as a matter of law, id.;

**AND**, based on the foregoing, the court concluding that the pleadings raise issues of material fact;

It is hereby **ORDERED** that:

1. The Motion is **DENIED.**

2. The court's Pretrial Order dated February 27, 2009 (Adv. Docket Entry No. 13) shall remain in full force and effect.  The parties shall comply with all deadlines set forth therein and the

court will grant no extensions of time absent compelling circumstances.

Date:    **June 1, 2009**

                               **ERIC L. FRANK**
                               **U.S. BANKRUPTCY JUDGE**