**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
|     **RAFAIL THEOKARY,** | : | |
| | : | |
|     Debtor. | : | Bky. No. 07-11008ELF |
| | : | |
| | : | |
| **RAFAIL THEOKARY,** | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **ERIC ABBATIELLO D/B/A ABBATIELLO** | : | Adv. No. 09-051 |
| **RACING STABLES, et al.** | : | |
| | : | |
|     Defendants. | : | |

# O R D E R

**AND NOW**, the Plaintiff-Debtor having filed an adversary complaint ("the Complaint") asserting that the Defendants violated 11 U.S.C. §362(a);

**AND**, the Defendants having filed an Answer to the Complaint ("the Answer"),

\* \* \* \*

**AND**, after filing the Answer to the Complaint, the Defendants having filed a Motion to Dismiss With Prejudice and for Sanctions on February 25, 2009 (Docket Entry No. 10);

**AND**, the court having denied the Defendants' Motion to Dismiss With Prejudice and for Sanctions on April 2, 2009 (Docket Entry No. 34);

\* \* \* \*

**AND**, the Plaintiff having filed a Motion for Judgment on the Pleadings on March 30, 2009 (Docket Entry No. 32);

**AND**, the court having denied the Plaintiff's Motion for Judgment on the Pleadings for failure to comply with the rules of court on May 4, 2009 (Docket Entry No. 39);

**AND**, the Plaintiff having filed a second Motion for Judgment on the Pleadings on May 4, 2009 (Docket Entry No. 42);

**AND**, the court having denied the Plaintiff's second Motion for Judgment on the Pleadings on June 1, 2009 (Docket Entry No. 56);

\* \* \* \*

**AND**, on June 2, 2009, the Defendants having filed a second Motion to Dismiss and for Sanctions Under Rule 11, accompanied by numerous evidentiary attachments (Docket Entry Nos. 57-3 thru 57-12, 58,76, 77);

**AND**, the Plaintiff having filed a response to the Defendants' second Motion to Dismiss and for Sanctions Under Rule 11, also accompanied by evidentiary attachments (Docket Entry Nos. 71-73);

**AND**, the court concluding that there are disputed issues of material fact that preclude the entry of judgment in favor of any of the Defendants;[1]

---

[1] The Defendants contend that no leases were in effect between the Plaintiff and the owner(s) of the three (3) horses. However, the Plaintiff's Complaint alleges that such leases existed during the relevant time period and the Plaintiff came forward with evidence in support of these allegations in the materials he filed in opposition to the Defendant's second Motion to Dismiss and for

**AND**, the court further concluding that the Defendants' request for sanctions under Rule 11 is without merit;[2]

* * * *

**AND**, meanwhile, the court having entered a Pre-Trial Order on February 27, 2009 (Docket Entry No. 13) providing for, inter alia, deadlines of

- May 28, 2009 for the completion of discovery;

- June 27, 2009 for the filing of motions to amend the pleadings or for summary judgment; and

- July 27, 2009 for the filing of a Joint-Pretrial Statement;

**AND**, the final Pretrial Conference being presently scheduled for August 6, 2009 (see Docket Entry No. 13 ¶8);

**AND**, the court concluding that certain modifications of the Pretrial Order are appropriate;

---

Sanctions Under Rule 11.  As for the potential liability of Defendants Gaitway Farm, Inc. and Showplace Farms, these Defendants contend they were not responsible for the lien sale of the (allegedly) leased horses.  However, this defense is non-responsive to the Plaintiff's apparent contention that these Defendants deprived the Plaintiff of his possessory rights after the commencement of the bankruptcy case (and prior to the stableman's lien sale).  See 11 U.S.C. §362(a)(3).

I cannot resolve any of these disputes in the Defendants' favor on the current record. This necessitates denial of the Defendants' request for dismissal of this adversary proceeding.

[2]    Defendant Gaitway Farm, Inc. and Showplace Farms seek sanctions because they contend that the Plaintiff and his counsel "all know" that these Defendants were not responsible for the stableman's lien sale. (Exhibit G to Defendants' Motion).  From this terse statement, I infer that the Defendants contend that the Plaintiff violated Fed. R. Bankr. P. 9011(b)(1) or (3).  However, as stated above, the Plaintiff's stay violation claim against these Defendants is not related to solely to the stableman's lien sale and the Plaintiff's claim against these Defendants has survived their motion to dismiss.  In these circumstances, I perceive no merit in the Defendants' request for Rule 11 sanctions.

\* \* \* \*

It is therefore **ORDERED** that:

1. The Defendants' second Motion to Dismiss and for Sanctions Under Rule 11 (Docket Entry No. 58) is **DENIED**.

2. The deadline for filing the Joint Pre-Trial Statement is **EXTENDED** to **September 3, 2009**.

3. In Part E. of the Joint Pre-Trial Statement, each party shall set forth its position with respect to the following legal and mixed fact-law issues and support that position with a discussion of and/or citation to the relevant legal authorities:

    a. Under applicable nonbankruptcy law, what is required to create a stableman's lien?

    b. As of the commencement of this bankruptcy case, was there a valid stableman's lien on any or all of the three (3) horses? If so, what persons or entities were the holder(s) of the lien(s)?

    c. If there was a valid stableman's lien on any or all of the three (3) horses, and assuming the Plaintiff had valid leases with McCord/Highland Group did the Plaintiff have a right to possession of the horse(s) <u>under applicable nonbankruptcy law</u> on February 16, 2007, notwithstanding the existence of the stableman's lien(s)?

    d. If the Plaintiff did not have a right of possession under applicable nonbankruptcy law, was he entitled to possession after the commencement of the case by virtue of 11 U.S.C. §362(a)(3)?

    e. Under applicable non-bankruptcy law, did the February 18, 2007 stableman's lien sales vitiate or in any way impair the Plaintiff's rights under his leases with McCord/Highland Group or, instead, did the lien sale purchasers take the horses subject to the leases?

4. The mandatory final pretrial/settlement conference scheduled for **August 6, 2009** is **RESCHEDULED** to **September 10, 2009**.

5. In all other respects the Pretrial Order of February 27, 2009 remains binding and in full force and effect.

Date: __July 24, 2009__

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**