KENNETH A. SANDLER
ATTORNEY AT LAW
701 Westerly Dr.
Marlton, NJ 08053-1070
(856) 596-0990/Fax (856) 596-9593
E-mail: atty.k@sandler-law.net
Attorney for Plaintiff-Debtor, Rafail Theokary

| | | |
|---|---|---|
| RAFAIL THEOKARY, | : | U.S. BANKRUPTCY COURT FOR |
| | : | THE EASTERN DISTRICT OF |
| Plaintiff-Debtor, | : | PENNSYLVANIA |
| | : | |
| | : | |
| vs. | : | DOCKET NO. 07-11008 |
| | : | |
| | : | ADVERSARY NO. 09-00051 |
| ERIC ABBATIELLO, d/b/a | : | |
| ABBATIELLO RACING STABLES; | : | |
| TOM SHAY; GAITWAY FARM, INC.; | : | |
| and SHOWPLACE FARMS, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

MEMORANDUM  ON BEHALF OF PLAINTIFF IN OPPOSITION TO
DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11


Introduction

On July 16, 2012, Defendants Gaitway Farm, Inc. (Gaitway) and Showplace

Farms (Showplace) filed  a motion seeking attorneys fees and costs, pursuant to Fed. R. Civ. P.

11 (more properly Fed. R. Bankr. P. 9011) .  In brief, their Motion asserts that because they were

dismissed as Defendants herein and they had previously requested that Plaintiff voluntarily

withdraw his claims against them, that they are entitled to relief pursuant to Fed. R. Bankr. P.

9011.

Plaintiff submits, in the first instance, that this Honorable Court presently has **no**

jurisdiction over any case or controversy involving any of the parties herein as a final disposition

of the adversary action was made on April 10, 2012   **and** Plaintiff filed an appeal therefrom on

April 23 2012 ( Doc. No. 294) , which along with prior appeals of the Court's dismissal of

Defendants Gaitway and Showplace are also pending before the U.S. District Court for this

District at Case Nos  12-2844, 10-58 and 11-3556, respectively.   In accordance with the caselaw

established by U.S. Supreme Court, <u>Griggs v. Provident Consumer Discount Co.</u>,  459 U.S. 56,

58 (1982)  and, as applied in this Circuit, and to Bankruptcy Courts, this Court was divested of

jurisdiction, with the filing of those appeals.  As will be noted *infr*a, the issues raised in

Defendants' instant motion are inherently interrelated with the issues on appeal as they go to the

grounds for the dismissal of those two party defendants.


Plaintiff submits, in the second instance, that moving Defendants' instant motion

is barred by the doctrines of waiver and laches as this Court's ruling on the dismissal of

Defendants Gaitway and Showplace were made with its February 15, 2011 Opinion and Order

and with its Order on Motion to Alter or Amend Judgment, on April 18, 2011 (Doc. No. 191).

Moving Defendants neither filed a Motion for Rule 11 Sanctions within a reasonable time

following the February 15, 2011 rulings although Defendants Abbatiello and Shay did purport to

file a Cross-Motion to Alter or Amend Judgment on March 16, 2011, and as amended, on March

17, 2011. Doc. Nos.  185, 186.


With this Court's April 18, 2011 Order on the Motion(s) to Alter or Amend

Judgment, moving Defendants were no longer part of the next stage of proceedings, namely the

damages hearings , which began on June 12, 2011.  None of the subsequent proceedings had any

effect on the Court's prior determination to dismiss them as party defendants -- which status is at

issue in the instant Rule 11 Motion -- yet Defendants filed no such Rule 11 Motion until some

one and one-quarter (1 1/4) years later.  By failing to file any such motion for such a lengthy

period of time, including at or about  the time its counsel filed a purported Cross-Motion to Alter

or Amend Judgment on March 16/17, 2011, moving Defendants waived their rights to file same

and themselves prejudiced Plaintiff by their own "unnecessary delay or needless increase in the

cost of litigation." Fed. R. Bankr. P. 9011(b)(1).   Even more egregious is moving Defendants'

determination to file such Motion only **after** Plaintiff had appealed this Court's Opinion and

Order of April 10, 2012 and its entry of a disposition of the adversary.  By their failure to act

timely and prior to any appeal, movants must effectively be estopped from pursuing any Rule 11

sanctions -- which, it appears, to the undersigned, are simply a preemptive move for leverage in

the event of any adverse decision by District Court, awarding Plaintiff attorney's fees.   It is also

noted that movants' counsel was fully conversant with the filing of Rule 11 Motions, having filed

several such pre-trial motions, all of which were denied. Certification of Jeffrey R. Pocaro, Esq.,

dated July 16, 2012   (Doc. No. 308-2)


In the third instance, Defendant Showplace is collaterally estopped from arguing

that Plaintiff's failure voluntarily to withdraw it as a party defendant gives rise to Rule 11

sanctions, as this Honorable Court, after denying all motions to dismiss said defendant, pre-trial

and trial, made clear in it its liability Opinion that there was "evidentiary support," Fed. R. Bankr.

P. 9011 (b) (3), for Plaintiff's claim that he had attempted to take possession of two of his horses

at said defendants' premises in the day(s) after his Bankruptcy Petition and that representatives of

said defendant prevented from so doing.[1]   This Court also noted that had it credited Plaintiff's

testimony, same "might have supported his claim that Showplace violated 11 U.S.C. § 362(a)(3)

by interfering with a right of possession of the two horses. (citations omitted)"  Doc. No. 175 at

33, fn. 33.   Accordingly, Plaintiff's claims against Defendant Showplace were found by this

Court to be "warranted by existing law or by a nonfrivolous argument for the extension,

modification, or reversal of existing law or the establishment of new law," Fed. R. Bankr. P.

9011(b)(2), and  furnish no grounds for a Rule 11 Motion thereon.  Having failed to file a Motion

to Alter or Amend Judgment thereon and/or an appeal thereafter as to those findings and

conclusions of  this Court, Defendant Showplace has waived its right to, and was collaterally

estopped from, arguing such in the instant motion, and no Rule 11 sanctions are appropriate

.

In the fourth instance: As argued in the appeal pending in District Court,

Plaintiff's claims against Defendant Gaitway also were shown to have "evidentiary support," Fed.

R. Bankr. P. 9011(b)(3, )in the record, including but not limited to the testimony of  Defendant

Abbatiello, who admitted that he had posted notices of the lien sale, now conclusively

determined to be a willful violation of the automatic stay, 11 U.S.C. § 362(k)(1), at each and

every barn on Defendant's Gaitway's premises and its premises and that he had some contact with

staff at Defendant Gaitway -- although Your Honor sustained an objection to pursuing that line of

questioning further on cross-examination.  Any ruling on that issue at this time  would then

clearly interfere with the District Court's pending appeal.

---

[1]  This Court wrote as follows: "Exercising the discretion afforded under Rule 52(c), I denied
Showplace's motion because I did not find the Debtor's  testimony regarding [such] so unworthy
of belief as to make it unnecessary for Showplace to present evidence."  Doc. No. 175 at 33.

Finally, although Defendants' Motion to this Court is clearly precluded by virtue of Plaintiff's appeals to District Court and the concomitant divestiture of this Court's jurisdiction -- and without prejudice to that argument and other grounds for preclusion of the motion -- Plaintiff submits that the time records submitted by movants' attorney (Doc. 308-4, Exh. "E") are not limited to his representation of the movants, include time expended on unsuccessful, and arguably frivolous motions, filed on behalf of movants, *e.g.,* motion and evidentiary hearings relating to "newly discovered evidence" from one Joseph Eisenhower, presented at hearings in January and February 2010; further, they include four (4) hours for travel billed at $250.00 per hour, when appearing at hearings, conferences and other proceedings herein and in U.S. District Court,[2] which do not constitute "reasonable expenses," Fed. R. Bankr. P. 9011 (c)(1)(A), as Mr. Pocaro, is a New Jersey attorney based in the northern part of the State and those expenses are thus "extraordinary" and not appropriate for relief -- if warranted-- under Rule 11. It is also noteworthy that although moving Defendants are claiming attorney's fees and costs in the amount of $75,300 (Exh. "E" to Motion) , they have paid their attorney only a total of Seven Thousand Five Hundred ($7,500.00) Dollars. Certification of Jeffrey R. Pocaro, Esq., p. 7, ¶¶ 31-32 (Doc. No. 308-2) . Insofar as those parties are corporate entities, it is questionable why they would have paid their legal counsel attorney's fees of only approximately ten (10%) percent of the amount claimed in their instant Motion.

---

[2] The time records of Mr. Pocaro improperly include attorney's fees and travel billed at the same rate for appearances in U.S. District Court. See, *e.g.,* entries for 3/18/2010, 9/8/2011, 11/21/2011. Those appeals are still pending for disposition and relate to proceedings outside of this Court's jurisdiction.

PROCEDURAL HISTORY

The instant matter is an adversary action brought by Plaintiff-Debtor against

Defendant creditors for willful violations of the automatic stay which went into effect with the

filing of his Chapter 7 Bankruptcy Petition on February 16, 2007.   Moving defendants Gaitway

and Showplace filed several pre-trial motions to be dismissed as party defendants, all of which

were denied.    This Court determined to bifurcate the hearings on liability and damages.

Liability hearings were held on November 9, 2009 and November 30, 2009.   On November 9,

2009, both of the moving defendants moved for dismissal of Plaintiffs' claims against them.  The

Court denied Defendant Showplace's Motion, principally for the reasons expressed in its

February 15, 2011 Opinion. Doc.. No. 175 at 33.   The Court granted Defendant Gaitway's

Motion, principally for the reasons expressed in its Order of  November 23, 2009.  Doc. No.

112.  See Opinion (Doc  No. 175), p. 4-5 .

Thereafter, on December 7, 2009, Plaintiff appealed that Order to U.S. District

Court. In an Order entered July 2, 2010, U.S. District Court remanded the matter to this Court,

finding, pursuant to Fed. R. Bankr. P. 9052(c), that detailed findings of fact and conclusions of

law were required and that absent same, it was "unable to meaningfully review the Bankruptcy

Court's November 20, 2009 Order." U.S. District Court (USED) Doc. No. 22, fn. 1

 ( 4th para.).  The District Court also expressly noted, for the reasons stated, that it was not

"reaching the merits of Appellant's additional arguments on appeal." Id. at 2.

On February 15, 2011, this Court entered its Opinion and Order following the liability trial and the parties' briefing thereon.  In short, this Court found that Defendants Abbatiello and Shay, had willfully violated the automatic stay pursuant to 11 U.S.C. § 362(k)(1); reconfirmed its dismissal of Defendant Gaitway, after some consideration of Mr. Abbatiello's testimony -- albeit only on direct examination, Doc. No. 175 at  31-32, including fn. 32; and after considering the conflicting trial evidence, dismissed  Defendant Showplace.   Plaintiff filed a Motion to Alter or Amend Judgment, including issues going to mistaken findings of fact and specifically the Court's dismissal of both Showplace and Gaitway.  Defendants Shay and Abbatiello filed a "Cross Motion" to Alter or Amend Judgment, after the allotted fourteen (14)-day period,  which did not appear to be allowed under applicable Rules.

Following the parties' written submissions and a motion hearing, this Court, on April 18, 2011, issued an Order (Doc. No. 191)  making some corrections with respect to its findings of fact but did not alter its Order finding Defendants Abbatiello and Shay liable for the willful violations of the stay. [3]  Thereafter, Plaintiff filed an appeal of the February 15, 2011 Opinion and Order on liability, as amended by the April 19, 2011; same was docketed in District Court at Case. No. 11-3556.  Moving Defendants filed no cross-appeal.

---

[3] In that Order,  this Court corrected its mistaken finding that Plaintiff had, at one time, confused another horse for one he was leasing  and noted that the mistaken identification was made by a Mr. William Carter, and not Plaintiff Doc. No. 191, ¶ 3b. ( p. 3).  Although that was one of the bases for discrediting Plaintiff's testimony on the issue of his positive identification of Mac's Derrick T at Showplace on February 19, 2007,  this Court did not change its credibility determination.

Thereafter, a pre-trial conference and hearings on damages against Defendants

Abbatiello and Shay went forward, with various hearings commencing on June 13, 2011 and

concluding on July 25, 2011.  See Opinion on damages, pp. 2-3 (Doc. No. 286).  On April 10,

2012 , this Court issued an Opinion and Order dismissing Plaintiff's adversary proceeding --

which then involved only Defendant Abbatiello and Shay --  with prejudice.  On April 23, 2012,

Plaintiff thereafter filed an appeal to U.S. District Court on issues relating to that most recent

decision and incorporating all issues in all prior appeals U.S. District Court, insofar as issues as

to the finality of same had been raised by the presiding judge.  See Doc. No. 294.   That appeal in

District Court is docketed at Case No. 12-2844.  None of the defendants have filed an appeal or

cross-appeal.


On July 16, 2012, Defendants Gaitway and Showplace filed a Motion seeking

attorney's fees and costs incurred in connection with their defense of  the instant action, including

in appeals still pending before U.S. District Court.  For the reason set forth herein -- including the

absence of jurisdiction in this Court with the Plaintiff's appeal --    said Motion must be denied its

entirety.

LEGAL ARGUMENT

A.  This Court Was Divested of Jurisdiction with Plaintiff's Appeal of 4/23/2012.

In the first instance, this Court lacks jurisdiction, as a matter of law, following its

"Disposition of Adversary" on April 10, 2012, and Plaintiff's appeal of same to the U.S. District

Court for this District on April 23, 2012.  Doc. No. 294.   That Notice of Appeal was framed in

the broadest fashion possible in order to obviate any issue relating to the finality and

appealability of the prior Opinion and Orders appealed to U.S. District Court. It states, in

pertinent part, as follows:

> PLAINTIFF RAFAIL THEOKARY hereby appeals .  .   . from
> the Opinion and Order of the Honorable Eric l. frank, United States
> Bankruptcy Court, against PLAINTIFF and in favor of
> DEFENDANTS ERIC ABBATIELLO, TOM SHAY, GAITWAY
> FARM, INC., and SHOWPLACE FARMS, dismissing Plaintiff's
> Complaint in his adversary proceeding with prejudice, which were
> entered on April 10, 2012 ( Doc. Nos 286, 287), including an
> Order and Amended Order entered April 12, 2012 (Doc. Nos 288,
> 289). This appeal shall also include all prior Orders of this Court,
> including but not limited to, the Order of November 23, 2009
> dismissing Defendant GAITWAY FARM, INC. (Doc. No. 112)
> and the Opinion and Order entered on February 15, 2011
> dismissing Defendant SHOWPLACE FARMS (Doc. Nos 175,
> 176, to the extent that those Orders previously appealed may , at
> some time, be deemed not to be final Orders by the U.S. District
> Court or those appeals are denied on jurisdictional or other
> grounds.

Doc. No. 294 at 1-2.

It is then irrefutable that the issues raised in moving Defendants' July 16, 2012

Motion for Rule 11 Sanctions, which implicate this Court's prior determinations to dismiss said

defendants and enter judgment in their favor **are** addressed in Plaintiff's recent appeal at USED

Case No. 12-2844 and in his prior appeals before said Court at Case Nos 10-58 and 11-3556.  A

long-established judicial rule however divests a trial court of jurisdiction once an appeal has been

taken, with very narrow and limited exceptions.  In <u>Venen v. Sweet</u>, 758 F.2d 117, 120-21 (3d

Cir. 1985), the Third Circuit explained as follows:

> As a general rule, the timely filing of a notice of appeal is an event
> of jurisdictional significance, immediately conferring jurisdiction
> on a Court of Appeals and divesting a district court of its control
> over those aspect of the case involved in the appeal. *Griggs v.
> Provident Discount Co.*, 459 U.S. 56, 58  .  .    . (1982); *United
> States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980). "Divest" means
> what it says -- the power to act, in all but a limited number of
> circumstances has been taken away.

> One exception noted in <u>Venen</u> obtains when an appeal is taken from a

non-appealable order or judgment.  758 F.2d at 121.  Another arises when a "prevailing party" is

entitled to an attorney fee award and the amount of said award has not been decided at the time

of the judgment in favor of  a plaintiff.   <u>See</u> <u>West v. Keve</u>, 721 F.2d 91, 94 (3d Cir. 1983).

Other exceptions include  trial court jurisdiction "to issue orders regarding the filing of bonds or

supersedeas bonds, or to modify, restore or grant injunctions,"  as well as  "to issue orders with

reference to the record on appeal    .  . . and to vacate a bail bond  and order arrest."  <u>Venen</u>, 758

F.2d at 120, fn. 2   After noting those various exceptions, the Third Circuit added the following:

"Although we do not suggest that these are the only circumstances in which a district court retain

the power to act, we reiterate that the instances in which such power is retained are limited." <u>Id</u>.


Insofar as none of the exceptions articulated by the Third Circuit obtain herein and

the issues relating to this Court's determination to dismiss  movants as party defendants are at

issue in Defendants' instant Motion for Rule 11 Sanctions, Plaintiff respectfully submits that this

Court was divested of jurisdiction with the filing of Plaintiff's April 23, 2012 Notice of Appeal

and prior Notices of Appeal herein.  See also  In re Washington Mutual, Inc., 461 B.R. 200,

217-18 (Bankr.. D. Del. 2011)  (noting that while Bankruptcy Court may have power to enforce

its own orders after an appeal, it may not modify same, and  citing to In re Strawberry Square

Assocs., 152 B.R. 699,701 (Bankr. E.D.N.Y. 1993)  for the proposition that "the bankruptcy

court [may not] exercise jurisdiction over those issues which, although not themselves on appeal,

nevertheless so impact those on appeal as to effectively circumvent the appeal process.")


        As was noted *supra*, many of the issues raised in Defendants' instant Motion go to

this Court's decision from February 15, 2011, which is pending for decision in District Court.

See, e.g., ¶¶ 17, 18, 23  of Mr. Pocaro's Certification (Doc. No. 308-21), which references this

Court's aforesaid liability Opinion (Doc. No. 175) and Your Honor's resolution of  a conflict in

the evidence as to the location of two of the horses on the day after the stay-violative lien sale.

As was also noted *supra*, Defendants are even seeking attorney's fees relating to that pending

appeal in District Court.  Disposition of Defendants' instant motion would thus "effectively

circumvent the appeal process,"  In re Strawberry Square Associates, 152 B.R. at 701, and thus, it

is respectfully submitted, cannot be coutenanced by this Honorable Court in accordion with the

law of this Circuit

B.  Showplace Farm Determiantion  in 2./15/2011 Opinion Shows "Evidentiary

Support" for Plaintiff's Position

Defendant Showplace's claim that because Your Honor ruled after trial that he

was resolving a conflict in evidence as to where the horses known as Mac's Derrick T ( Derrick)

and Mac Only VP (Only VP) were on the day following the stay-violative lien sale in favor of

Defendant Showplace Farm ( Certification of Mr. Pocaro, ¶ 18, p. 5), somehow entitles it to Rule

11 sanctions misconstrues the nature of Rule 11 sanctions. As was noted *supra*, Your Honor had

denied said defendants' trial motion to be dismissed as a party because  Your Honor "did not find

the Debtor's testimony so unworthy if belief as to make it unnecessary for Showplace to present

evidence" Doc. No. 175 at 3 , and also found that Plaintiff's claim for possession of the horses

post-petition **did** have support in the law. Id. at  fn. 33.   Accordingly, Plaintiff's claims in that

regard did have "evidentiary" and legal support and was not subject to sanctions pursuant to Fed

R. Bankr.P. 9011 (b) (2), and (3) or for any other "improper purpose,"    Fed R. Bankr.P. 9011

(b)(1).

Plaintiff's counsel indeed had an ethical duty zealously to present Plaintiff's claims

and make all argument within the bounds of the law for his testimony to be credited, which we

did. In a  recent Tenth Circuit decision, Gibson v. Solideal. Docket No.  11-5625 ( July 10,

2012), the Court highlighted the fact that Rule 11 is not intended to undo the "American Rule"

in which a "prevailing litigant is ordinarily not entitled to collect a reasonable attorneys fee from

the loser" *Alyeska Pipeline Svc Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975) and that such a

result would impose an undue penalty on a poor litigant so as to discourage him or her from

instituting litigation to vindicate his/her rights. Slip op. at 7 (as reported on Lois Law)  That is

precisely the improper result that would be achieved if Defendants' instant motion for Rule 11

sanctions were granted.  Moreover, with reference to the firs section of this Argument, an appeal

is still pending on the dismissal of Defendants; Gaitway and Showplace, and thus it not yet

known who is the "loser" with respect thereto.



Finally, as was noted in the Introduction to this Brief, the substantial delay in

Defendants filing this motion of some one and one quarter (1 1/4) years is notable an remarkable

-- especially as those Defendants were not involved in the damages proceeding before this Court

in 2011.  Their involvement effectively ceased before this Court on February 15, 2010 with the

liability decision on February 15, 2011.  Why then have they waited this inordinate period?   It is

submitted that their Motion should accordingly be barred by the doctrine of laches and by the

same Rule they cite therein:  that is "presented for an[] improper purpose, such as to harass or to

cause unnecessary delay or needless increase in the cost of litigation." Fed R. Bankr. P.

9011(b)(1.

Conclusion

For all of the foregoing reasons, Defendants' Motion for Rule 11 Sanctions must

be denied in its entirety and Plaintiff awarded all costs and fees incurred in defending against

same, as may be supported in a subsequent filing.

Respectfully submitted,

/s/ Kenneth a. Sandler
KENNETH A. SANDLER
MICHAEL J. RUTENBERG
Attorneys for Plaintiff, Rafail Theokary