**JEFFREY R. POCARO, Esq.**
141 South Avenue, Suite 204
Fanwood, NJ  07023
908-490-1095

**David A. Huber Esq.**
Reinherz & Reinherz
1315 Walnut Street
Suite 804
Philadelphia, Pa. 19107
215-821-8377

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  | : |  |
|---|---|---|
|  |  | Case No.: **07-11008-ELF** |
| **RAFAIL THEOKARY,** | : | Chapter 7 |
|  |  |  |
| Plaintiff/ Debtor | : | Adversary No.: **09-00051-ELF** |
| Vs. |  |  |
|  |  |  |
| **ERIC ABBATIELLO, d/b/a** | : |  |
| **ABBATIELLO RACING STABLES;** |  |  |
| **GAITWAY FARM, INC.;** | : |  |
| **SHOWPLACE FARMS; TOM SHAY;** |  |  |
| **and any JOHN DOES (1-10) ENTITIES** | : |  |
| **OR LEGAL ENTITIES THAT** |  |  |
| **BECOME KNOWN AFTER FILING** | : |  |

_____

## REBUTTAL BRIEF IN SUPPORT OF MOTION

1

**Introduction:**

Plaintiff's reliance upon **Griggs v. Provident Consumer Discount Co.**, 459 U.S. 56, 58 (1982), is misplaced. The case stands for the proposition that "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over **those aspects of the case involved in the appeal**." See **Marrese et al v. American Academy Orthopaedic Surgeons,** 470 U.S. 373, 379. Since the Rule 11 (Fed. R. Bankr. P. 9011) issue is **NOT** on appeal, this Court can still hear this Motion, as it does still have jurisdiction.

Furthermore, the doctrine of waiver and laches do not apply to this instant Motion. Plaintiff's attorney can not point to any Court Rule that there is a time restriction on the application.

There is no collateral estoppel as to Defendant Showplace Farms. The testimony of Plaintiff Rafail Theokary that he went to Showplace Farms' place of business within a few days of the date his bankruptcy petition was filed and tried to reclaim his horses was **NEVER** made part of any original Complaint  (See Doc. #1, filed February 20, 2009 and also attached as Exhibit "A") or, for that matter, any Amended Complaint[1]. In Count Three of the Complaint (See Doc. #1, Exhibit "A", page 4), Plaintiff only alleged that Showplace Farms violated the automatic stay provisions of the bankruptcy code by conducting a stableman's lien sale on February 18, 2007.

The Plaintiff never amended its Complaint to include the facts about being refused access to his horses by Showplace Farms, so there can be no collateral estoppel.

---

[1] No Amended Complaint was ever filed on behalf of Plaintiff Rafail Theokary alleging that Showplace Farms barred him from recovering his two (2) horses that he claimed were located in Englishtown, NJ.

2

As for Gaitway Farm, simply because Eric Abbatiello posted notices about the stableman's lien sale at the farm prior to the sale taking place, does not foist liability upon Gaitway Farm and it was proper for the Court to dismiss the Complaint as to this particular Defendant. Plaintiff Rafail Theokary presented no evidence what so ever that Defendant Gaitway Farm conducted a stableman's lien sale to take title to a horse away from him. See Count Two (See Doc. #1, Exhibit "A", page 3), Plaintiff only alleged that Gaitway Farm violated the automatic stay provisions of the bankruptcy code by conducting a stableman's lien sale on February 18, 2007.

Finally, the Plaintiff's attorney is correct in that three (3) billings for the Appeals were inadvertently included in the application for attorney's fees. The following entries should be deleted:

| | | |
|---|---|---|
| March 18, 2010 | 5.0 hours | |
| September 8, 2011 | 5.8 hours | |
| November 21, 2011 | 5.4 hours | |
| TOTAL | 16.2 hours | $4,050.00 |

The requested amount of attorney's fees should be reduced from $75,300 to $69,250.

Plaintiff's attorney should not be questioning how much of the amount of the application for attorney's fees has actually been paid by Showplace Farms and Gaitway Farm[2], since there is no record of Plaintiff Rafail Theokary having paid any of the attorney's fees sought by the four (4) attorneys pursuing his claim and that claim exceeds $100,000.00.

---

[2] As of the date of the filing of the Notice of Motion, Showplace Farms had paid $5,000.00 and Gaitway Farm had paid $2,500.00. Since the filing of the brief, Gaitway Farm has paid another $2,500.00 for a total of $5,000.00, which means the two Defendants have paid a grand total of $10,000.00 to this attorney.

3

LEGAL ARGUMENT

    A. This Court was NOT divested of jurisdiction when Plaintiff filed its appeal on April 23, 2012.

The Motion is properly before this Court. As stated previously, Plaintiff's reliance upon **Griggs v. Provident Consumer Discount Co.**, 459 U.S. 56, 58 (1982), is misplaced. The case stands for the proposition that "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over **those aspects of the case involved in the appeal**." See **Marrese et al v. American Academy Orthopaedic Surgeons,** 470 U.S. 373, 379. Since the Rule 11 (Fed. R. Bankr. P. 9011) issue is **NOT** on appeal, this Court can still hear this Motion, as it does still have jurisdiction.

This Motion fits the jurisdiction exception set forth in **West v. Keve,** 721 F.2d 91, 94 (3d Cr. 1983), where a "prevailing party" is entitled to an attorney fee award and the amount of said award has not been decided at the time of the judgment in favor of the party winning the litigation. Showplace Farms and Gaitway Farm are the "prevailing parties" in this instant matter and are entitled to an award of attorney's fees under Rule 9011.

    B. Showplace Farm Determination in 2/15/2011 Opinion DOES NOT show "Evidentiary Support" for Plaintiff's Position when you compare it to the allegations in the Complaint (that was never amended)

The allegations by Plaintiff Rafail Theokary that the horses known as Mac's Derrick T and Mac Only VP were kept from him by Showplace Farms in the days following the stableman's lien sale is a "red herring". That was a knee jerk

4

reaction taken by Plaintiff Rafail Theokary in response to the Motion filed by Defendant Showplace Farms to dismiss the Complaint on the basis that the sale did not take place at Showplace Farms. The request for Rule 9011 sanctions is based on the failure of the Plaintiff Rafail Theokary to prove his allegations contained in the Complaint (Doc. #1, Exhibit "A" attached hereto, see Count #3, Page 4). It is undisputed that the stableman's lien sale took place on February 18, 2007 at Magical Acres Farm, Chesterfield, Burlington County. It is also undisputed that Showplace Farms is located about 35 miles from Magical Acres in Englishtown, Monmouth County, New Jersey. It is undisputed that the stableman's lien sale DID NOT take place at Showplace Farms on February 18, 2007.

The Complaint is straightforwardly written and each of the four (4) Counts alleges that a particular Defendant conducted a stableman's lien sale that divested Plaintiff Rafail Theokary of title to three (3) standardbred race horses. The attorneys for the Plaintiff had an obligation, (once they received the Rule 9011 letter demanding that the Complaint against Showplace Farms and Gaitway Farm be dismissed because these two (2) Defendants DID NOT conduct the sale), to further investigate whether or not they could prove the allegations regarding the sale.

Instead of properly investigating the claims of the Plaintiff, the Plaintiff's attorneys blindly forged ahead, causing Defendants Showplace Farms and Gaitway Farms to incur thousands of dollars in attorney's fees to defend against a claim that was never true.

5

**If Kenneth Sandler, Esq., and Michael Rutenberg, Esq., really believed that Plaintiff Rafail Theokary went to Showplace Farms to try and retrieve his horses, why didn't they file a Motion to amend the Complaint to include those allegations?**

Instead, they tried to bootstrap that argument into a cause of action during the trial without amending the Complaint.

Plaintiff Rafail Theokary and all four (4) of his attorneys failed to prove Showplace Farms conducted a stableman's lien sale and sanctions should thereby be imposed.

Plaintiff Rafail Theokary and all four (4) of his attorneys failed to prove Gaitway Farm conducted a stableman's lien sale and sanctions should thereby be imposed.

## CONCLUSION

For the foregoing reasons, the Court should grant the following relief:

1) Impose attorney's fees sanctions upon the Plaintiff and all four (4) of his attorneys.

Respectfully submitted,

*/s/ Jeffrey R. Pocaro*
Jeffrey R. Pocaro, Esq.
Attorney for Defendants

Dated:  August 3, 2012

6