**ANTHONY J. SCIOLLA, JR., ESQUIRE**
Attorney I.D.# 25365
Noble Plaza, Suite 219
801 Old York Road
Jenkintown, PA  19046
E-mail:  ajsciollajr@msn.com
(215) 673-9222/(215) 481-9001
Fax No.:  (215) 885-7155                                   **Attorney for Plaintiff**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAIL THEOKARY | : | CASE NO.:  07-11008 (elf) |
| **Plaintiff/Debtor** | : | **Chapter 7** |
| | : | |
| **v.** | : | Adversary No.:  09-00051(elf) |
| | : | |
| **ERIC ABATIELLO, d/b/a** | : | |
| **ABATIELLO RACING STABLES;** | : | |
| **GAITWAY FARMS, INC.;** | : | |
| **SHOWPLACE FARMS; TOM SHAY;** | : | |
| **and any JOHN DOES (1-10)** | : | |
| **ENTITIES OR LEGAL ENTITIES** | : | |
| **THAT MAY BECOME KNOWN** | : | |
| **AFTER FILING** | : | |

**RESPONSE ON BEHALF OF PLAINTIFF IN OPPOSITION
TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Anthony J. Sciolla, Jr., Esquire, who is also noticed on Jeffrey Pocaro's Motion for Rule

11 Sanctions, is joining in with the Responses filed by Kenneth A. Sandler, Esquire, Michael

Rutenberg, Esquire and Keith Sklar, Esquire to Defendants' Counsel's Motion for Rule 11

Sanctions.  Instead of filing a totally separate Motion, Mr. Sciolla incorporates by reference the

Sandler and Sklar Responses and Memorandum of Law into this Response, and agrees with

counsel that there is no basis, especially since Mr. Pocaro filed one back in 2009 when Mr.

Sciolla was assisting Mr. Sklar in the prosecution of this case and that Motion was dismissed.

WHEREFORE, Anthony J. Sciolla, Jr., Esquire, who respresented Rafail Theokary in the

early part of the Adversary matter, and is now part of the appeal and back in representation for

Rafail Theokary in the United States District Court of Appeal, requests that this Motion be

dismissed with prejudice.

Respectfully submitted,

ANTHONY J. SCIOLLA, JR.
Attorney for Plaintiff

C:\DATA\AJSCIOLLA\THEOKARY.RAL\6367.002 MCCORD AND GUEST\RESPONSE TO RULE 11 MOTION.docx

LAW OFFICES OF SKLAR SMITH-SKLAR
1901 N. OLDEN AVENUE, SUITE 22
EWING, NEW JERSEY 08618
(609) 882-9800  FAX:  (609) 538-1399
KEITH D. SKLAR, ESQ. (91524)
ATTORNEY PRO SE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFAIL THEOKARY,** | : | **CASE NO.:  07-11008 (elf)** |
| **Plaintiff/Debtor** | : | **CHAPTER 7** |
| | : | |
| **Vs.** | : | **ADVERSARY NO.:  09-00051(elf)** |
| | : | |
| **ERIC ABATIELLO, d/b/a** | : | |
| **ABATIELLO RACING STABLES;** | : | |
| **GAITWAY FARMS, INC.;** | : | |
| **SHOWPLACE FARMS; TOM SHAY;** | : | |
| **And any JOHN DOES (1-10)** | : | |
| **ENTITIES OR LEGAL ENTITIES** | : | **ANSWER TO** |
| **THAT MAY BECOME KNOWN** | : | **DEFENDANT'S MOTION FOR** |
| **AFTER FILING** | : | **SANCTIONS PURSUANT** |
| | : | **TO F.R.C.P. 11** |

**AND NOW COMES**, Keith David Sklar, Esquire, filing this answer:

### AFFIRMATIVE DEFENSES

1. This court lacks subject matter jurisdiction over the pending motion.

2. The motion has been brought against a non-party and thus relief cannot be
   granted pursuant to FRCP 12(b)(6).

3. The matter has already been previously decided and Your Honor denied
   Defendants' previous Motion for Sanctions and as such the doctrine of *res
   judicata* applies hereto.

### ANSWER

4. Paragraphs 1-3 are hereby incorporated by reference as if they were plead in
   their entirety.

5. Defendants' motion is improper since Your Honor found that the Defendants had violated 11 U.S.C. § 362.

6. Defendants have not proven by any evidence that the case brought against them was frivolous.

7. Defendants' motion has been brought to harass counsel and is without merit.

8. Attorney, Keith D. Sklar, is a non-party to this action since June 2009 and as such no sanctions may be brought against him or his firm.

9. Counsel seeks attorney fees in the amount of $2500.00 for having to defend this frivolous motion and to file additional FRCP 12(b) motions.

10. I would also join in attorney Sandler's responsive brief filed with this Court.

**WHEREFORE,** KEITH D. SKLAR, ESQUIRE seeks an Order dismissing the Defendants' Motion and awarding him $2500.00 in counsel fees for defending the same.

Dated:  August 6, 2012                                        */s/Keith D. Sklar, Esq.*
                                                                                      Pro se

LAW OFFICES OF SKLAR SMITH-SKLAR
1901 N. OLDEN AVENUE, SUITE 22
EWING, NEW JERSEY 08618
(609) 882-9800  FAX:  (609) 538-1399
KEITH D. SKLAR, ESQ. (91524)
ATTORNEY PRO SE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAIL THEOKARY, | : | CASE NO.:  07-11008 (elf) |
| **Plaintiff/Debtor** | : | **CHAPTER 7** |
| | : | |
| **Vs.** | : | **ADVERSARY NO.:  09-00051(elf)** |
| | : | |
| ERIC ABATIELLO, d/b/a | : | |
| ABATIELLO RACING STABLES; | : | |
| GAITWAY FARMS, INC.; | : | |
| SHOWPLACE FARMS; TOM SHAY; | : | |
| And any JOHN DOES (1-10) | : | |
| ENTITIES OR LEGAL ENTITIES | : | |
| THAT MAY BECOME KNOWN | : | |
| AFTER FILING | : | |
| | : | **CERTIFICATE OF SERVICE** |

I, KEITH D. SKLAR, ESQUIRE, do solemnly affirm that a true and correct copy of

this Answer was served on the party below by the court's ECF system and/or by United

States Mail, First Class in a pre-paid postage envelope:

Jeffrey R. Pocaro, Esq.
141 South Avenue, Suite 204
Fanwood, NJ  07023

United States Bankruptcy Court
Eastern District of Pennsylvania
9th and Market Streets
Philadelphia, PA  19107

Dated:  August 6, 2012                    /s/Keith D. Sklar, Esq.
                                           Keith D. Sklar, Esq.

LAW OFFICES OF SKLAR SMITH-SKLAR
1901 N. OLDEN AVENUE, SUITE 22
EWING, NEW JERSEY 08618
(609) 882-9800  FAX:  (609) 538-1399
KEITH D. SKLAR, ESQ. (91524)
ATTORNEY PRO SE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAIL THEOKARY,<br>**Plaintiff/Debtor** | : | **CASE NO.: 07-11008 (elf)**<br>**CHAPTER 7** |
| | : | |
| **Vs.** | : | **ADVERSARY NO.: 09-00051(elf)** |
| | : | |
| **ERIC ABATIELLO, d/b/a** | : | |
| **ABATIELLO RACING STABLES;** | : | |
| **GAITWAY FARMS, INC.;** | : | |
| **SHOWPLACE FARMS; TOM SHAY;** | : | |
| **And any JOHN DOES (1-10)** | : | |
| **ENTITIES OR LEGAL ENTITIES** | : | **MOTION TO DISMISS** |
| **THAT MAY BECOME KNOWN** | : | **DEFENDANT'S MOTION FOR** |
| **AFTER FILING** | : | **SANCTIONS PURSUANT** |
| | : | **TO F.R.C.P. 12(b)** |

      **AND NOW COMES,** Keith David Sklar, Esquire, requesting an Order from this

Honorable Court dismissing the Defendants' Motion for Sanctions pursuant Federal

Rule of Civil Procedure 12(b)(1); (b)(3);  and (b)(6) as well as counsel fees.

      **WHEREFORE,** it is respectfully requested that this Honorable Court **GRANT** this

motion and dismiss the Defendants' Motion for Rule 11 sanctions and for attorney's fees

in the amount of $2500.00

LAW OFFICES OF SKLAR SMITH-SKLAR
1901 N. OLDEN AVENUE, SUITE 22
EWING, NEW JERSEY 08618
(609) 882-9800  FAX:  (609) 538-1399
KEITH D. SKLAR, ESQ. (91524)
ATTORNEY PRO SE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAIL THEOKARY, | : | CASE NO.:  07-11008 (elf) |
| **Plaintiff/Debtor** | : | CHAPTER 7 |
| | : | |
| **Vs.** | : | ADVERSARY NO.:  09-00051(elf) |
| | : | |
| ERIC ABATIELLO, d/b/a | : | |
| ABATIELLO RACING STABLES; | : | |
| GAITWAY FARMS, INC.; | : | |
| SHOWPLACE FARMS; TOM SHAY; | : | |
| And any JOHN DOES (1-10) | : | |
| ENTITIES OR LEGAL ENTITIES | : | MOTION TO DISMISS |
| THAT MAY BECOME KNOWN | : | DEFENDANT'S MOTION FOR |
| AFTER FILING | : | SANCTIONS PURSUANT |
| | : | TO F.R.C.P. 12(b) |

Attorney, KEITH D. SKLAR, hereby requests that Defendants' pending Motion for

Rule 11 Sanctions be dismissed for the following reasons:

1.  Pursuant to F.R.C.P. 12(b)(1) this Court lacks subject matter jurisdiction over these proceedings.  "[W]here a bankruptcy case is closed and the estate no longer exists, and where plaintiff does not seek to have the bankruptcy case opened for cause pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010, the court is without jurisdiction to entertain ***any proceedings***, irrespective of whether those proceedings are defined as 'core' or related 'non-core' proceedings." *Walnut Associates v. Saidel*, 164 B.R. 487, 491 (E.D. Pa. 1994)  This case was dismissed with prejudice on April 10, 2012 effectively closing the case.

2.  Pursuant to F.R.C.P. 12(b)(3) this is an improper venue to bring this action since this court lacks subject matter jurisdiction as cited above.

3.  Pursuant to F.R.C.P. 12(b)(6) the Defendant has brought an action for which relief cannot be granted.  This action is improper, brought in a court which lacks subject matter jurisdiction and is brought in an improper venue.  Pursuant to F.R.C.P. 12(b)(6), Defendant has brought an action for which relief cannot be granted and this action should be dismissed.  Defendant has also brought the

action against a non-party and as such relief cannot be granted.  Attorney Sklar was relieved as counsel on June 16, 2009 and has had nothing to do with this case since.

4. Attorney, Keith D. Sklar, seeks counsel fees in the amount of $2500.00 to cover the expense of filing this motion, responsive pleadings to Defendants' motion and time to appear in this Court to defend the same.  (Time sheet attached hereto)

**WHEREFORE,** counsel seeks an Order dismissing the Defendants' motion and granting counsel fees in the amount of $2500.00.

August 6, 2012                                         _/s/Keith D. Sklar, Esq._
                                                       Pro Se

LAW OFFICES OF SKLAR SMITH-SKLAR
1901 N. OLDEN AVENUE, SUITE 22
EWING, NEW JERSEY 08618
(609) 882-9800  FAX:  (609) 538-1399
KEITH D. SKLAR, ESQ. (91524)
ATTORNEY PRO SE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAIL THEOKARY, | : | CASE NO.:  07-11008 (elf) |
| **Plaintiff/Debtor** | : | CHAPTER 7 |
| | : | |
| **Vs.** | : | ADVERSARY NO.:  09-00051(elf) |
| | : | |
| **ERIC ABATIELLO, d/b/a** | : | |
| **ABATIELLO RACING STABLES ;** | : | |
| **GAITWAY FARMS, INC.;** | : | |
| **SHOWPLACE FARMS; TOM SHAY;** | : | |
| **And any JOHN DOES (1-10)** | : | |
| **ENTITIES OR LEGAL ENTITIES** | : | |
| **THAT MAY BECOME KNOWN** | : | |
| **AFTER FILING** | : | |
| | : | **ORDER** |

**AND NOW THIS** _____ day of August, 2012 and for good cause having

been shown, it is hereby ORDERED and DECREED:

That the Defendants' Motion for Rule 11 Sanctions is hereby DISMISSED with

prejudice;

IT IS FURTHER ORDERED that the Defendants shall pay counsel fees in the

amount of $2500.00 to attorney Keith D. Sklar.


_____
Hon. Eric L. Frank
United States Bankruptcy Judge
Eastern District of Pennsylvania

Case 09-00051-elf    Doc 324    Filed 08/15/12    Entered 08/15/12 15:11:49    Desc Main
Case 09-00051-elf    Doc 319 ocument Filed 08/09/12 0 Entered 08/05/12 22:53:09    Desc
Service List Certificate of Service    Page 1 of 1

LAW OFFICES OF SKLAR SMITH-SKLAR
1901 N. OLDEN AVENUE, SUITE 22
EWING, NEW JERSEY 08618
(609) 882-9800  FAX:  (609) 538-1399
KEITH D. SKLAR, ESQ. (91524)
ATTORNEY PRO SE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFAIL THEOKARY,** | : | **CASE NO.:  07-11008 (elf)** |
| **Plaintiff/Debtor** | : | **CHAPTER 7** |
| | : | |
| **Vs.** | : | **ADVERSARY NO.:  09-00051(elf)** |
| | : | |
| **ERIC ABATIELLO, d/b/a** | : | |
| **ABATIELLO RACING STABLES;** | : | |
| **GAITWAY FARMS, INC.;** | : | |
| **SHOWPLACE FARMS; TOM SHAY;** | : | |
| **And any JOHN DOES (1-10)** | : | |
| **ENTITIES OR LEGAL ENTITIES** | : | |
| **THAT MAY BECOME KNOWN** | : | |
| **AFTER FILING** | : | |
| | : | **CERTIFICATE OF SERVICE** |

I, KEITH D. SKLAR, ESQUIRE, do solemnly affirm that a true and correct copy of

this Notice of Motion, Motion and Order were served on the party below by the court's

ECF system and/or by United States Mail, First Class in a pre-paid postage envelope:

Jeffrey R. Pocaro, Esq.
141 South Avenue, Suite 204
Fanwood, NJ  07023

United States Bankruptcy Court
Eastern District of Pennsylvania
9th and Market Streets
Philadelphia, PA  19107

Dated:  August 6, 2012

_/s/Keith D. Sklar, Esq._
Keith D. Sklar, Esq.

LAW OFFICES OF SKLAR SMITH-SKLAR
1901 N. OLDEN AVENUE, SUITE 22
EWING, NEW JERSEY 08618
(609) 882-9800  FAX:  (609) 538-1399
KEITH D. SKLAR, ESQ. (91524)
PRO SE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAIL THEOKARY, | : | CASE NO.:  07-11008 (elf) |
| **Plaintiff/Debtor** | : | CHAPTER 7 |
| | : | |
| **Vs.** | : | ADVERSARY NO.: 09-00051(elf) |
| | : | |
| ERIC ABATIELLO, d/b/a | : | |
| ABATIELLO RACING STABLES; | : | |
| GAITWAY FARMS, INC.; | : | |
| SHOWPLACE FARMS; TOM SHAY; | : | |
| And any JOHN DOES (1-10) | : | |
| ENTITIES OR LEGAL ENTITIES | : | MOTION TO DISMISS |
| THAT MAY BECOME KNOWN | : | DEFENDANT'S MOTION FOR |
| AFTER FILING | : | SANCTIONS PURSUANT |
| | : | TO F.R.C.P. 12(b) |

NOTICE OF MOTION, RESPONSE DEADLINE
AND HEARING DATE

Keith D. Sklar, Esquire, has filed a Motion to Dismiss Defendants' Motion for Sanctions pursuant to F.R.C.P. Rule 12(b).

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult an attorney.)**

1.  If you do not want the court to grant relief sought in the motion or if you want the court to consider your views on the motion, then on or before August 13, 2012,  you or your attorney must do **<u>all</u>** of the following:

(a) File an answer explaining your position at
Clerk's Office
United States Bankruptcy Court for
The Eastern District of Pennsylvania
Robert N.C. Nix, Sr. Federal Courthouse
9th and Market Streets, Suite 400
Philadelphia, PA 19107

If you mail your answer to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above: and

      (b) Mail a copy to the movant's attorney:

> Keith D. Sklar, Esquire
> Law Offices of Sklar Smith-Sklar
> 1901 N. Olden Avenue, Suite 22
> Ewing, New Jersey 08618
> (609) 882-9800    Fax: (609) 538-1399

2.    If you or your attorney do not take the steps described in paragraphs 1(a) and 1(b) above and attend the hearing, the court may enter an order granting the relief requested in the motion.

3.    A hearing on the motion is scheduled for August 15, 2012 at 10:00 AM at the United States Bankruptcy Court for the Eastern District of Pennsylvania, located at the Robert N.C. Nix, Sr., Federal Courthouse, 9th and Market Streets, Courtroom 1, Philadelphia, Pennsylvania before the Honorable Eric L. Frank, United States Bankruptcy Judge for the Eastern District of Pennsylvania.

4.    If a copy of the motion is not enclosed, a copy of the motion will be provided to you if you request a copy from the attorney named in paragraph 1(b).

5.    You may contact the Bankruptcy Clerk's office at (215) 408-2800 to find out whether the hearing has been canceled because no one filed an answer.

Date: August 6, 2012

                                     *Keith D. Sklar, Esq.*
                                       Pro Se

United States Bankruptcy Court
Eastern District of Pennsylvania

Theokary,
          Plaintiff

                                                              Adv. Proc. No. 09-00051-elf

Shay,
          Defendant

                        **CERTIFICATE OF NOTICE**

District/off: 0313-2        User: Virginia        Page 1 of 2                Date Rcvd: Jul 31, 2012
                           Form ID: pdf900        Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 02, 2012.
ust          +BRENDA D. GISH,    Office of United States Trustee - U.S. D,    Federal Building,
              228 Walnut Street, 11th Floor,   Harrisburg, PA 17101-1714
ust          +SHAKIMA L. DORTCH,   U.S. Dept. of Justice - U.S. Trustee,   844 N. King Street,   Suite 2207,
              Wilmington, DE 19801-3519
pla          +Rafail Theokary,    PO Box 2027,   Aston, PA 19014-0027

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust          +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Aug 01 2012 03:01:50     Frederic J. Baker,
              Office of United States Trustee,   833 Chestnut Street,   Suite 500,
              Philadelphia, PA 19107-4405
ust          +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Aug 01 2012 03:01:50      United States Trustee,
              Office of the U.S. Trustee,   833 Chestnut Street,   Suite 500,   Philadelphia, PA 19107-4405
                                                                                           TOTAL: 2

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 02, 2012**            **Signature:** _Joseph Speetjens_

Case 09-00051-elf   Doc 324   Filed 08/15/12   Entered 08/15/12 15:11:49   Desc Main
Case 09-00051-elf   Doc 312   Filed 08/02/12   Page 14 of 32   Entered 08/03/12 01:40:40   Desc
Imaged Certificate of Notice   Page 2 of 3

District/off: 0313-2          User: Virginia              Page 2 of 2                    Date Rcvd: Jul 31, 2012
                             Form ID: pdf900              Total Noticed: 5

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 31, 2012 at the address(es) listed below:
          DAVID A. HUBER    on behalf of Attorney JEFFREY POCARO, ESQ. DAHESQECF@yahoo.com,
          Reinherzlaw@gmail.com
          JEFFREY R. POCARO    on behalf of Defendant  Gaitway Farm, Inc. jrpesq@aol.com
          KENNETH A. SANDLER    on behalf of Plaintiff Rafail Theokary atty.k@sandler-law.net.
          MICHAEL J. RUTENBERG    on behalf of Plaintiff Rafail Theokary mjrutenberg@yahoo.com
                                                                                     TOTAL: 4

Theokary v. Abbatiello et al
Adversary 09-0051

TIME SHEET TO ANSWER AND PREPARE MOTION

| DATE | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| 8/5/2012 | Computer Research to File Answer to Motion for Sanctions and File 12(b) Motion | 2.00 | $ 300.00 | $ 600.00 |
| | Prepare Rule 12 (b) Motion Order, Cert of Service | 2.00 | $ 300.00 | $ 600.00 |
| | Prepare Answer to Defendants' Motion Order, Cert of Svce | 1.33 | $ 300.00 | $ 400.00 |
| | Appear and Defend Motion in Court | 3.00 | $ 300.00 | $ 900.00 |
| | Total | | | $ 2,500.00 |

Theokary v. Abbatiello et al
Adversary 09-0051

TIME SHEET TO ANSWER AND PREPARE MOTION

| DATE | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| 8/5/2012 | Computer Research to File Answer to Motion for Sanctions and File 12(b) Motion | 2.00 | $ 300.00 | $ 600.00 |
| | Prepare Rule 12 (b) Motion Order, Cert of Service | 2.00 | $ 300.00 | $ 600.00 |
| | Prepare Answer to Defendants' Motion Order, Cert of Svce | 1.33 | $ 300.00 | $ 400.00 |
| | Appear and Defend Motion in Court | 3.00 | $ 300.00 | $ 900.00 |
| | Total | | | $ 2,500.00 |

Theokary v. Abbatiello et al
Adversary 09-0051

TIME SHEET TO ANSWER AND PREPARE MOTION

| DATE | DESCRIPTION | HOURS | RATE | TOTAL |
|------|-------------|-------|------|-------|
| 8/5/2012 | Computer Research to File Answer to Motion for Sanctions and File 12(b) Motion | 2.00 | $ 300.00 | $ 600.00 |
| | Prepare Rule 12 (b) Motion Order, Cert of Service | 2.00 | $ 300.00 | $ 600.00 |
| | Prepare Answer to Defendants' Motion Order, Cert of Svce | 1.33 | $ 300.00 | $ 400.00 |
| | Appear and Defend Motion in Court | 3.00 | $ 300.00 | $ 900.00 |
| | Total | | | $ 2,500.00 |

KENNETH A. SANDLER
ATTORNEY AT LAW
701 Westerly Dr.
Marlton, NJ 08053-1070
(856) 596-0990/Fax (856) 596-9593
E-mail: atty.k@sandler-law.net
Attorney for Plaintiff-Debtor, Rafail Theokary

| | | |
|---|---|---|
| RAFAIL THEOKARY, | : | U.S. BANKRUPTCY COURT FOR |
| | : | THE EASTERN DISTRICT OF |
| Plaintiff-Debtor, | : | PENNSYLVANIA |
| | : | |
| | : | |
| vs. | : | DOCKET NO. 07-11008 |
| | : | |
| | : | ADVERSARY NO. 09-00051 |
| ERIC ABBATIELLO, d/b/a | : | |
| ABBATIELLO RACING STABLES; | : | |
| TOM SHAY; GAITWAY FARM, INC.; | : | |
| and SHOWPLACE FARMS, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

### MEMORANDUM ON BEHALF OF PLAINTIFF IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11

#### Introduction

On July 16, 2012, Defendants Gaitway Farm, Inc. (Gaitway) and Showplace

Farms (Showplace) filed a motion seeking attorneys fees and costs, pursuant to Fed. R. Civ. P.

11 (more properly Fed. R. Bankr. P. 9011). In brief, their Motion asserts that because they were

dismissed as Defendants herein and they had previously requested that Plaintiff voluntarily

withdraw his claims against them, that they are entitled to relief pursuant to Fed. R. Bankr. P.

9011.

Plaintiff submits, in the first instance, that this Honorable Court presently has **no** jurisdiction over any case or controversy involving any of the parties herein as a final disposition of the adversary action was made on April 10, 2012  **and** Plaintiff filed an appeal therefrom on April 23 2012 ( Doc. No. 294) , which along with prior appeals of the Court's dismissal of Defendants Gaitway and Showplace are also pending before the U.S. District Court for this District at Case Nos  12-2844, 10-58 and 11-3556, respectively.   In accordance with the caselaw established by U.S. Supreme Court, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) and, as applied in this Circuit, and to Bankruptcy Courts, this Court was divested of jurisdiction, with the filing of those appeals.  As will be noted *infra*, the issues raised in Defendants' instant motion are inherently interrelated with the issues on appeal as they go to the grounds for the dismissal of those two party defendants.

Plaintiff submits, in the second instance, that moving Defendants' instant motion is barred by the doctrines of waiver and laches as this Court's ruling on the dismissal of Defendants Gaitway and Showplace were made with its February 15, 2011 Opinion and Order and with its Order on Motion to Alter or Amend Judgment, on April 18, 2011 (Doc. No. 191). Moving Defendants neither filed a Motion for Rule 11 Sanctions within a reasonable time following the February 15, 2011 rulings although Defendants Abbatiello and Shay did purport to file a Cross-Motion to Alter or Amend Judgment on March 16, 2011, and as amended, on March 17, 2011. Doc. Nos. 185, 186.

With this Court's April 18, 2011 Order on the Motion(s) to Alter or Amend Judgment, moving Defendants were no longer part of the next stage of proceedings, namely the

-2-

damages hearings , which began on June 12, 2011. None of the subsequent proceedings had any

effect on the Court's prior determination to dismiss them as party defendants -- which status is at

issue in the instant Rule 11 Motion -- yet Defendants filed no such Rule 11 Motion until some

one and one-quarter (1 1/4) years later. By failing to file any such motion for such a lengthy

period of time, including at or about  the time its counsel filed a purported Cross-Motion to Alter

or Amend Judgment on March 16/17, 2011, moving Defendants waived their rights to file same

and themselves prejudiced Plaintiff by their own "unnecessary delay or needless increase in the

cost of litigation." Fed. R. Bankr. P. 9011(b)(1).  Even more egregious is moving Defendants'

determination to file such Motion only **after** Plaintiff had appealed this Court's Opinion and

Order of April 10, 2012 and its entry of a disposition of the adversary. By their failure to act

timely and prior to any appeal, movants must effectively be estopped from pursuing any Rule 11

sanctions -- which, it appears, to the undersigned, are simply a preemptive move for leverage in

the event of any adverse decision by District Court, awarding Plaintiff attorney's fees.   It is also

noted that movants' counsel was fully conversant with the filing of Rule 11 Motions, having filed

several such pre-trial motions, all of which were denied. Certification of Jeffrey R. Pocaro, Esq.,

dated July 16, 2012  (Doc. No. 308-2)


In the third instance, Defendant Showplace is collaterally estopped from arguing

that Plaintiff's failure voluntarily to withdraw it as a party defendant gives rise to Rule 11

sanctions, as this Honorable Court, after denying all motions to dismiss said defendant, pre-trial

and trial, made clear in it its liability Opinion that there was "evidentiary support," Fed. R. Bankr.

P. 9011 (b) (3), for Plaintiff's claim that he had attempted to take possession of two of his horses

at said defendants' premises in the day(s) after his Bankruptcy Petition and that representatives of

said defendant prevented from so doing.[1]  This Court also noted that had it credited Plaintiff's

testimony, same "might have supported his claim that Showplace violated 11 U.S.C. § 362(a)(3)

by interfering with a right of possession of the two horses. (citations omitted)"  Doc. No. 175 at

33, fn. 33.   Accordingly, Plaintiff's claims against Defendant Showplace were found by this

Court to be "warranted by existing law or by a nonfrivolous argument for the extension,

modification, or reversal of existing law or the establishment of new law," Fed. R. Bankr. P.

9011(b)(2), and  furnish no grounds for a Rule 11 Motion thereon.  Having failed to file a Motion

to Alter or Amend Judgment thereon and/or an appeal thereafter as to those findings and

conclusions of this Court, Defendant Showplace has waived its right to, and was collaterally

estopped from, arguing such in the instant motion, and no Rule 11 sanctions are appropriate

.

            In the fourth instance: As argued in the appeal pending in District Court,

Plaintiff's claims against Defendant Gaitway also were shown to have "evidentiary support," Fed.

R. Bankr. P. 9011(b)(3, )in the record, including but not limited to the testimony of Defendant

Abbatiello, who admitted that he had posted notices of the lien sale, now conclusively

determined to be a willful violation of the automatic stay, 11 U.S.C. § 362(k)(1), at each and

every barn on Defendant's Gaitway's premises and its premises and that he had some contact with

staff at Defendant Gaitway -- although Your Honor sustained an objection to pursuing that line of

questioning further on cross-examination.  Any ruling on that issue at this time  would then

clearly interfere with the District Court's pending appeal.

---

[1]  This Court wrote as follows: "Exercising the discretion afforded under Rule 52(c), I denied
Showplace's motion because I did not find the Debtor's  testimony regarding [such] so unworthy
of belief as to make it unnecessary for Showplace to present evidence."  Doc. No. 175 at 33.

Finally, although Defendants' Motion to this Court is clearly precluded by virtue of Plaintiff's appeals to District Court and the concomitant divestiture of this Court's jurisdiction -- and without prejudice to that argument and other grounds for preclusion of the motion -- Plaintiff submits that the time records submitted by movants' attorney (Doc. 308-4, Exh. "E") are not limited to his representation of the movants, include time expended on unsuccessful, and arguably frivolous motions, filed on behalf of movants, *e.g.,* motion and evidentiary hearings relating to "newly discovered evidence" from one Joseph Eisenhower, presented at hearings in January and February 2010; further, they include four (4) hours for travel billed at $250.00 per hour, when appearing at hearings, conferences and other proceedings herein and in U.S. District Court,[2] which do not constitute "reasonable expenses," Fed. R. Bankr. P. 9011 (c)(1)(A), as Mr. Pocaro, is a New Jersey attorney based in the northern part of the State and those expenses are thus "extraordinary" and not appropriate for relief -- if warranted-- under Rule 11. It is also noteworthy that although moving Defendants are claiming attorney's fees and costs in the amount of $75,300 (Exh. "E" to Motion), they have paid their attorney only a total of Seven Thousand Five Hundred ($7,500.00) Dollars. Certification of Jeffrey R. Pocaro, Esq., p. 7, ¶¶ 31-32 (Doc. No. 308-2). Insofar as those parties are corporate entities, it is questionable why they would have paid their legal counsel attorney's fees of only approximately ten (10%) percent of the amount claimed in their instant Motion.

---

[2]  The time records of Mr. Pocaro improperly include attorney's fees and travel billed at the same rate for appearances in U.S. District Court. See, *e.g.,* entries for 3/18/2010, 9/8/2011, 11/21/2011. Those appeals are still pending for disposition and relate to proceedings outside of this Court's jurisdiction.

PROCEDURAL HISTORY

The instant matter is an adversary action brought by Plaintiff-Debtor against Defendant creditors for willful violations of the automatic stay which went into effect with the filing of his Chapter 7 Bankruptcy Petition on February 16, 2007.   Moving defendants Gaitway and Showplace filed several pre-trial motions to be dismissed as party defendants, all of which were denied.   This Court determined to bifurcate the hearings on liability and damages. Liability hearings were held on November 9, 2009 and November 30, 2009.   On November 9, 2009, both of the moving defendants moved for dismissal of Plaintiffs' claims against them.   The Court denied Defendant Showplace's Motion, principally for the reasons expressed in its February 15, 2011 Opinion. Doc.. No. 175 at 33.   The Court granted Defendant Gaitway's Motion, principally for the reasons expressed in its Order of November 23, 2009. Doc. No. 112. See Opinion (Doc No. 175), p. 4-5 .

Thereafter, on December 7, 2009, Plaintiff appealed that Order to U.S. District Court. In an Order entered July 2, 2010, U.S. District Court remanded the matter to this Court, finding, pursuant to Fed. R. Bankr. P. 9052(c), that detailed findings of fact and conclusions of law were required and that absent same, it was "unable to meaningfully review the Bankruptcy Court's November 20, 2009 Order." U.S. District Court (USED) Doc. No. 22, fn. 1 ( 4th para.).  The District Court also expressly noted, for the reasons stated, that it was not "reaching the merits of Appellant's additional arguments on appeal." Id. at 2.

-6-

On February 15, 2011, this Court entered its Opinion and Order following the liability trial and the parties' briefing thereon.  In short, this Court found that Defendants Abbatiello and Shay, had willfully violated the automatic stay pursuant to 11 U.S.C. § 362(k)(1); reconfirmed its dismissal of Defendant Gaitway, after some consideration of Mr. Abbatiello's testimony -- albeit only on direct examination, Doc. No. 175 at 31-32, including fn. 32; and after considering the conflicting trial evidence, dismissed Defendant Showplace.  Plaintiff filed a Motion to Alter or Amend Judgment, including issues going to mistaken findings of fact and specifically the Court's dismissal of both Showplace and Gaitway.  Defendants Shay and Abbatiello filed a "Cross Motion" to Alter or Amend Judgment, after the allotted fourteen (14)-day period,  which did not appear to be allowed under applicable Rules.

Following the parties' written submissions and a motion hearing, this Court, on April 18, 2011, issued an Order (Doc. No. 191)  making some corrections with respect to its findings of fact but did not alter its Order finding Defendants Abbatiello and Shay liable for the willful violations of the stay. [3]  Thereafter, Plaintiff filed an appeal of the February 15, 2011 Opinion and Order on liability, as amended by the April 19, 2011; same was docketed in District Court at Case. No. 11-3556.  Moving Defendants filed no cross-appeal.

---

[3] In that Order,  this Court corrected its mistaken finding that Plaintiff had, at one time, confused another horse for one he was leasing  and noted that the mistaken identification was made by a Mr. William Carter, and not Plaintiff Doc. No. 191, ¶ 3b. ( p. 3).  Although that was one of the bases for discrediting Plaintiff's testimony on the issue of his positive identification of Mac's Derrick T at Showplace on February 19, 2007,  this Court did not change its credibility determination.

Thereafter, a pre-trial conference and hearings on damages against Defendants Abbatiello and Shay went forward, with various hearings commencing on June 13, 2011 and concluding on July 25, 2011. See Opinion on damages, pp. 2-3 (Doc. No. 286). On April 10, 2012, this Court issued an Opinion and Order dismissing Plaintiff's adversary proceeding -- which then involved only Defendant Abbatiello and Shay -- with prejudice. On April 23, 2012, Plaintiff thereafter filed an appeal to U.S. District Court on issues relating to that most recent decision and incorporating all issues in all prior appeals U.S. District Court, insofar as issues as to the finality of same had been raised by the presiding judge. See Doc. No. 294. That appeal in District Court is docketed at Case No. 12-2844. None of the defendants have filed an appeal or cross-appeal.

On July 16, 2012, Defendants Gaitway and Showplace filed a Motion seeking attorney's fees and costs incurred in connection with their defense of the instant action, including in appeals still pending before U.S. District Court. For the reason set forth herein -- including the absence of jurisdiction in this Court with the Plaintiff's appeal --   said Motion must be denied its entirety.

-8-

LEGAL ARGUMENT

A.   This Court Was Divested of Jurisdiction with Plaintiff's Appeal of 4/23/2012.

In the first instance, this Court lacks jurisdiction, as a matter of law, following its

"Disposition of Adversary" on April 10, 2012, and Plaintiff's appeal of same to the U.S. District

Court for this District on April 23, 2012.  Doc. No. 294.   That Notice of Appeal was framed in

the broadest fashion possible in order to obviate any issue relating to the finality and

appealability of the prior Opinion and Orders appealed to U.S. District Court. It states, in

pertinent part, as follows:

> PLAINTIFF RAFAIL THEOKARY hereby appeals .   .   . from
> the Opinion and Order of the Honorable Eric l. frank, United States
> Bankruptcy Court, against PLAINTIFF and in favor of
> DEFENDANTS ERIC ABBATIELLO, TOM SHAY, GAITWAY
> FARM, INC., and SHOWPLACE FARMS, dismissing Plaintiff's
> Complaint in his adversary proceeding with prejudice, which were
> entered on April 10, 2012 ( Doc. Nos 286, 287), including an
> Order and Amended Order entered April 12, 2012 (Doc. Nos 288,
> 289). This appeal shall also include all prior Orders of this Court,
> including but not limited to, the Order of November 23, 2009
> dismissing Defendant GAITWAY FARM, INC. (Doc. No. 112)
> and the Opinion and Order entered on February 15, 2011
> dismissing Defendant SHOWPLACE FARMS (Doc. Nos 175,
> 176, to the extent that those Orders previously appealed may , at
> some time, be deemed not to be final Orders by the U.S. District
> Court or those appeals are denied on jurisdictional or other
> grounds.

Doc. No. 294 at 1-2.

It is then irrefutable that the issues raised in moving Defendants' July 16, 2012

Motion for Rule 11 Sanctions, which implicate this Court's prior determinations to dismiss said

defendants and enter judgment in their favor **are** addressed in Plaintiff's recent appeal at USED

Case No. 12-2844 and in his prior appeals before said Court at Case Nos 10-58 and 11-3556. A

long-established judicial rule however divests a trial court of jurisdiction once an appeal has been

taken, with very narrow and limited exceptions. In Venen v. Sweet, 758 F.2d 117, 120-21 (3d

Cir. 1985), the Third Circuit explained as follows:

> As a general rule, the timely filing of a notice of appeal is an event
> of jurisdictional significance, immediately conferring jurisdiction
> on a Court of Appeals and divesting a district court of its control
> over those aspect of the case involved in the appeal. *Griggs v.*
> *Provident Discount Co.*, 459 U.S. 56, 58 . . . . (1982); *United*
> *States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980). "Divest" means
> what it says -- the power to act, in all but a limited number of
> circumstances has been taken away.

One exception noted in Venen obtains when an appeal is taken from a

non-appealable order or judgment. 758 F.2d at 121. Another arises when a "prevailing party" is

entitled to an attorney fee award and the amount of said award has not been decided at the time

of the judgment in favor of a plaintiff. See West v. Keve, 721 F.2d 91, 94 (3d Cir. 1983).

Other exceptions include trial court jurisdiction "to issue orders regarding the filing of bonds or

supersedeas bonds, or to modify, restore or grant injunctions," as well as "to issue orders with

reference to the record on appeal . . . and to vacate a bail bond and order arrest." Venen, 758

F.2d at 120, fn. 2 After noting those various exceptions, the Third Circuit added the following:

"Although we do not suggest that these are the only circumstances in which a district court retain

the power to act, we reiterate that the instances in which such power is retained are limited." Id.

Insofar as none of the exceptions articulated by the Third Circuit obtain herein and

the issues relating to this Court's determination to dismiss movants as party defendants are at

issue in Defendants' instant Motion for Rule 11 Sanctions, Plaintiff respectfully submits that this

Court was divested of jurisdiction with the filing of Plaintiff's April 23, 2012 Notice of Appeal

and prior Notices of Appeal herein. <u>See also</u> <u>In re Washington Mutual, Inc.</u>, 461 B.R. 200,

217-18 (Bankr.. D. Del. 2011) (noting that while Bankruptcy Court may have power to enforce

its own orders after an appeal, it may not modify same, and citing to <u>In re Strawberry Square</u>

<u>Assocs.</u>, 152 B.R. 699, 701 (Bankr. E.D.N.Y. 1993) for the proposition that "the bankruptcy

court [may not] exercise jurisdiction over those issues which, although not themselves on appeal,

nevertheless so impact those on appeal as to effectively circumvent the appeal process.")


        As was noted *supra*, many of the issues raised in Defendants' instant Motion go to

this Court's decision from February 15, 2011, which is pending for decision in District Court.

<u>See</u>, e.g., ¶¶ 17, 18, 23 of Mr. Pocaro's Certification (Doc. No. 308-21), which references this

Court's aforesaid liability Opinion (Doc. No. 175) and Your Honor's resolution of a conflict in

the evidence as to the location of two of the horses on the day after the stay-violative lien sale.

As was also noted *supra*, Defendants are even seeking attorney's fees relating to that pending

appeal in District Court. Disposition of Defendants' instant motion would thus "effectively

circumvent the appeal process," In re Strawberry Square Associates, 152 B.R. at 701, and thus, it

is respectfully submitted, cannot be coutenanced by this Honorable Court in accordion with the

law of this Circuit

-11-

B. Showplace Farm Determiantion in 2./15/2011 Opinion Shows "Evidentiary Support" for Plaintiff's Position

Defendant Showplace's claim that because Your Honor ruled after trial that he was resolving a conflict in evidence as to where the horses known as Mac's Derrick T ( Derrick) and Mac Only VP (Only VP) were on the day following the stay-violative lien sale in favor of Defendant Showplace Farm ( Certification of Mr. Pocaro, ¶ 18, p. 5), somehow entitles it to Rule 11 sanctions misconstrues the nature of Rule 11 sanctions. As was noted *supra*, Your Honor had denied said defendants' trial motion to be dismissed as a party because Your Honor "did not find the Debtor's testimony so unworthy if belief as to make it unnecessary for Showplace to present evidence" Doc. No. 175 at 3 , and also found that Plaintiff's claim for possession of the horses post-petition **did** have support in the law. Id. at fn. 33.   Accordingly, Plaintiff's claims in that regard did have "evidentiary" and legal support and was not subject to sanctions pursuant to Fed R. Bankr.P. 9011 (b) (2), and (3) or for any other "improper purpose,"  Fed R. Bankr.P. 9011 (b)(1).

Plaintiff's counsel indeed had an ethical duty zealously to present Plaintiff's claims and make all argument within the bounds of the law for his testimony to be credited, which we did. In a  recent Tenth Circuit decision, Gibson v. Solideal. Docket No.  11-5625 ( July 10, 2012), the Court highlighted the fact that Rule 11 is not intended to undo the "American Rule" in which a "prevailing litigant is ordinarily not entitled to collect a reasonable attorneys fee from the loser" *Alyeska Pipeline Svc Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975) and that such a result would impose an undue penalty on a poor litigant so as to discourage him or her from

-12-

instituting litigation to vindicate his/her rights. Slip op. at 7 (as reported on Lois Law)  That is

precisely the improper result that would be achieved if Defendants' instant motion for Rule 11

sanctions were granted.  Moreover, with reference to the firs section of this Argument, an appeal

is still pending on the dismissal of Defendants; Gaitway and Showplace, and thus it not yet

known who is the "loser" with respect thereto.


       Finally, as was noted in the Introduction to this Brief, the substantial delay in

Defendants filing this motion of some one and one quarter (1 1/4) years is notable an remarkable

-- especially as those Defendants were not involved in the damages proceeding before this Court

in 2011.  Their involvement effectively ceased before this Court on February 15, 2010 with the

liability decision on February 15, 2011.  Why then have they waited this inordinate period?   It is

submitted that their Motion should accordingly be barred by the doctrine of laches and by the

same Rule they cite therein:  that is "presented for an[] improper purpose, such as to harass or to

cause unnecessary delay or needless increase in the cost of litigation." Fed R. Bankr. P.

9011(b)(1.

Conclusion

For all of the foregoing reasons, Defendants' Motion for Rule 11 Sanctions must

be denied in its entirety and Plaintiff awarded all costs and fees incurred in defending against

same, as may be supported in a subsequent filing.


Respectfully submitted,


/s/ Kenneth a. Sandler
KENNETH A. SANDLER
MICHAEL J. RUTENBERG
Attorneys for Plaintiff, Rafail Theokary

**ANTHONY J. SCIOLLA, JR., ESQUIRE**
**Attorney I.D.# 25365**
**Noble Plaza, Suite 219**
**801 Old York Road**
**Jenkintown, PA  19046**
**E-mail:  ajsciollajr@msn.com**
**(215) 673-9222/(215) 481-9001**
**Fax No.:  (215) 885-7155**                    **Attorney for Plaintiff**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAFAIL THEOKARY** | : | **CASE NO.:  07-11008 (elf)** |
| **Plaintiff/Debtor** | : | **Chapter 7** |
| | : | |
| **v.** | : | **Adversary No.:  09-00051(elf)** |
| | : | |
| **ERIC ABATIELLO, d/b/a** | : | |
| **ABATIELLO RACING STABLES;** | : | |
| **GAITWAY FARMS, INC.;** | : | |
| **SHOWPLACE FARMS; TOM SHAY;** | : | |
| **and any JOHN DOES (1-10)** | : | |
| **ENTITIES OR LEGAL ENTITIES** | : | |
| **THAT MAY BECOME KNOWN** | : | |
| **AFTER FILING** | : | |

## CERTIFICATE OF SERVICE

I, ANTHONY J. SCIOLLA, JR., ESQUIRE, hereby certify that a true and correct copy of Plaintiff's Counsel, Anthony J. Sciolla, Jr., Esquire's Response to  Defendant's Motion for Sanctions Pursuant to Rule 11 was served upon the following attorneys, via first class U.S. regular mail, at the below address, on August 13th, 2012:

Kenneth A. Sandler, Esquire
701 Westerly Drive
Marlton, NJ  08053
-Attorney for Plaintiff/Debtor

Jeffrey R. Pocaro, Esquire
141 South Avenue, Suite 204
Marlton, NJ  08053-1070
-Attorney for Defendants

Keith D. Sklar, Esquire
1901 N. Olden Avenue, Suite 22
Ewing, NJ  08618
-Attorney for Plaintiff/Debtor

ANTHONY J. SCIOLLA, JR.
Attorney for Plaintiff

C:\DATA\AJSCIOLLA\THEOKARY.RAL\6367.002 MCCORD AND GUEST\RESPONSE TO RULE 11 MOTION.docx