# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     RAFAIL THEOKARY, | : | |
| | : | |
|         Debtor. | : | Bky. No. 07-11008 ELF |
| | : | |
| RAFAIL THEOKARY, | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| TOM SHAY, et al., | : | |
| | : | |
|         Defendants. | : | Adv. No. 09-051 |
| | : | |

# O R D E R

**AND NOW WHEREAS:**

A.  Plaintiff Rafail Theokary commenced this adversary proceeding on **February 20, 2009**.

B.  During the pre-trial phase of this proceeding the Defendants filed three (3) motions to dismiss the adversary proceeding <u>and for sanctions</u>, all of which were denied by the court.[1]

C.  On **September 10, 2009**, this court entered an order bifurcating trial of the liability and damages issues in this adversary proceeding. (<u>See</u> Doc. # 89).

D.  The liability trial was conducted on **November 9 & 30, 2009** and **February 22, 2010**.

E.  After post-trial briefing, by order entered **February 15, 2011**, the court:

---

[1] <u>See</u> Order dated April 2, 2009 (Doc. # 34) (denying motion filed February 25, 2009); Order dated July 24, 2009 (Doc. # 78) (denying motion filed June 2, 2009); Order dated October 12, 2009 (Doc. # 106) (denying motion filed September 15, 2009).

-1-

    (1) entered judgment in favor of Defendant Gaitway Farm, Inc. ("Gaitway") and Defendant Showplace Farms ("Showplace"); and

    (2) entered judgment in favor of the Plaintiff and against Defendant Eric Abbatiello ("Abbatiello") and Defendant Tom Shay ("Shay") as to liability.

(Doc. #'s 175, 176). See In re Theokary, 444 B.R. 306 (Bankr. E.D. Pa. 2011).

F. On **May 24, 2011**, in connection with the damages phase of the adversary proceeding, the Defendants filed a Motion to Bar the Use of Amended Expert Report, Bar the Testimony of Samuel Paparo and Dismiss the Complaint with Prejudice ("the Motion to Dismiss") (Doc. # 210).

G. For hearing purposes, the court consolidated the Motion to Dismiss with the damages trial. ("the Consolidated Hearing"). (See Order dated May 25, 2011, Doc. # 213).

H. The Consolidated Hearing was conducted on **June 13 & 14 and July 12, 19 & 25, 2011**.

I. On **April 10, 2012**, due to the Plaintiff's litigation misconduct and pursuant to its inherent power, the court granted the Motion to Dismiss as to the remaining Defendants. (Doc. #'s 286, 287). See In re Theokary, 468 B.R. 729 (Bankr. E.D. Pa. 2012).

J. The Plaintiff has appealed both the **February 15, 2011** and the **April 10, 2012** orders of this court to the district court.

                  \*    \*    \*    \*    \*

K. On **July 16, 2012**, Gaitway and Showplace (hereafter, "the Movants") filed a Motion for Sanctions Under Fed. R. Bankr. P. 9011 Against Plaintiff Rafail Theokary, and His Attorneys ("the Motion for Sanctions"). (Doc. # 308).

L. The attorney-respondents are Keith D. Sklar, Anthony Sciolla, Kenneth A. Sandler, and

Michael J. Rutenberg ("the Respondents").

M. In response to the Motion for Sanctions, Sandler and Rutenberg filed a Memorandum in Opposition, (Doc. #310), and Sklar filed an Answer with Affirmative Defenses and a Motion to Dismiss Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. Proc. 12(b), (Doc. #'s 315, 316).

N. On **August 15, 2012**, the court held and concluded a hearing on the Motion for Sanctions.[2]

\*    \*    \*    \*    \*

O. In the Motion for Sanctions, the Movants assert that the Plaintiff's attorneys violated Fed. R. Bankr. P. 9011 and should be sanctioned for pressing a claim for violation of the automatic stay against Gaitway and Showplace for either an improper purpose or without adequate factual and legal support. See Fed. R. Bankr. P. 9011(b)(1)-(4).

P. All of the conduct giving rise to the Movants' request that sanctions be imposed occurred prior to the completion of the liability trial on **February 22, 2010**.[3]

---

[2] On August 16, 2012, the Movants' counsel filed an unsolicited letter, docketed as a "Post Argument Supplemental Letter." (Doc. # 325). The Letter referenced and appended certain evidentiary matter that was not introduced into evidence at the August 15, 2012 hearing. On August 17, 2012, the court entered an order striking this submission from the record. (See Doc. # 328).

[3] As the Respondents have pointed out, the conduct giving rise to the alleged Rule 9011 violation was the subject of the three (3) prior motions that the court denied. See footnote 1, supra. Ordinarily, a party's continued prosecution of a claim after the court's denial of a motion to dismiss will not give rise to a Rule 9011 violation. See, e.g., DeStefano v. Twentieth Century Fox Film Corp., 111 F.3d 123, at *2 (2d Cir. 1997) (nonprecedential) ("counsels' reliance on a prior order . . . denying summary judgment, despite the successor judge's statement as to her expectation that she would overturn that ruling, was not so misguided as to warrant imposition of sanctions under either Rule 11 or the court's inherent power").

(continued...)

Q.  The Motion for Sanctions, filed twenty-nine (29) months after the completion of the liability trial on **February 22, 2010**, seventeen (17) months after the court's **February 15, 2011** order dismissing the claims against Gaitway and Showplace and four (4) months after the entry of a final judgment in this adversary proceeding on **April 10, 2012**, is untimely.[4]

---

[3](...continued)

Undeterred, the Movants assert that, notwithstanding the prior orders, the Plaintiff's counsel should be sanctioned for continuing to press (what the Movants consider to be) frivolous claims after the denial of the sanctions motions through trial. Of course, such a theory cannot be applied against Sklar and Sciolla, who did not participate in the adversary proceeding as counsel and withdrew their appearances in favor of Sandler and Rutenberg on June 16, 2009.

I also understand the Movants to be arguing that, in light of subsequent events – primarily, the absence or paucity of evidence later presented at trial supporting the Plaintiff's claims against Gaitway and Showplace – the court should revisit the merits of the prior orders denying sanctions. See, e.g., Bausch & Lomb, Inc. v. Moria S.A., 222 F. Supp. 2d 616, 669 (E.D. Pa. 2002) (court has inherent power to reconsider interlocutory orders); Young v. School Dist. of Philadelphia, 2010 WL 1006724, at *1 (E.D. Pa. Mar. 16, 2010) (same); see also Fed. R. Bankr. P. 7054 (incorporating Fed. R. Civ. P. 54(b)).

Because I deny the Motion for Sanctions on other grounds, I do not decide the extent to which, if any, the prior orders denying sanctions preclude consideration of the merits of this fourth Motion for Sanctions.

[4]    The Respondents initially contend that the court lacks jurisdiction to rule on a motion for sanctions during the pendency of the appeal taken from the court's final order in this adversary proceeding (i.e., the April 10, 2012 Order). They are incorrect. The Court of Appeals has held unequivocally that a trial court has jurisdiction to rule on a motion for sanctions notwithstanding the pendency of an appeal from its final order. Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 98 (3d Cir. 1988) ("Pensiero"); accord In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 98 (3d Cir. 2008) ("It is well established . . . that a district court, after the entry of final judgment and the filing of a notice of appeal, retains the power to adjudicate collateral matters such as sanctions under Rule 11").

The Respondents are correct, however, in their contention that the Motion for Sanctions is untimely and should be denied on that basis.

More than twenty (20) years ago, in Pensiero, the Court of Appeals announced a supervisory rule requiring that all motions for sanctions under Fed. R. Civ. P. 11 be filed before the entry of final judgment. The purpose of the supervisory rule is to conserve judicial resources by maximizing

(continued...)

---

⁴(...continued)

the likelihood that an appeal of a Rule 11 decision may be resolved at the same time as any appeal on the merits.  The supervisory rule is intended to "eliminat[e] piecemeal appeals and avoid[ ] scenarios in which two separate appellate panels are forced to acquaint themselves with the pertinent facts and the parties' respective positions."  In re Tobacco Road Associates, LP, 2007 WL 966507, at *22 (E.D. Pa. Mar. 30, 2007).

Although the Court of Appeals has not stated so expressly in a precedential decision, courts in this circuit have held that the Rule 11 supervisory rule applies when Rule 9011 sanctions are sought in bankruptcy proceedings.  See, e.g., In re Nicola, 65 F. App'x 759, 762 (3d Cir. 2003) (nonprecedential); see also Schaefer Salt, 542 F.3d at 98 (collecting cases).  I will follow the existing precedent in this regard.

Since its adoption, the supervisory rule has been both expanded and restricted.  The Court of Appeals has applied the supervisory rule to a district court's sua sponte imposition of Rule 11 sanctions, see Simmerman v. Corino, 27 F.3d 58 (3d Cir. 1994), and the imposition of sanctions under the court's inherent power, see Prosser v. Prosser, 186 F.3d 403 (3d Cir. 1999).  More recently, however, the Court declined to extend the supervisory rule to sanctions imposed under 28 U.S.C. §1927.  See Schaefer Salt, 542 F.3d at 102.  Whether Schaefer Salt is a precursor to further contraction of the Pensiero supervisory rule is not for this court to say.  Unless and until the Court of Appeals directs otherwise, this court is bound to apply the supervisory rule.

A mechanical application of the supervisory rule would mandate denial of the Motion for Sanctions because it was filed: (a) seventeen (17) months after the court's February 15, 2011 order entering judgment in favor of the remaining Defendants (if that was a final order, but see Theokary, 444 B.R. at 310 n.6) and (b) three (3) months after the April 10, 2012 order entering judgment against the remaining Defendants .

The supervisory rule, however, may not be so rigid.  For example, in In re Brown, 1998 WL 848102, at *4-5 (E.D. Pa. Dec. 4, 1998), the district court affirmed the bankruptcy court's grant of a Rule 11 motion filed three (3) weeks after the entry of the final judgment.  The court reasoned that, in the particular circumstances of that case, the movant's discovery of the Rule 11 violation was so close in time to the entry of judgment that the filing of the motion was sufficiently prompt as to warrant the relaxation of the supervisory rule.  Accord Project 74 Allentown, Inc. v. Forst, 143 F.R.D. 77, 85-87 (E.D. Pa. 1992).

As the court stated in Tobacco Road, the supervisory rule is

> a guide for litigants filing Rule 11 motions for sanctions, generally requiring them to do so as early as practicable, but not necessarily establish[ing] a per se test for promptness that requires dismissal for noncompliance under all circumstances.  While the rule provides the courts in the Third Circuit with the discretion to avoid consideration of Rule 11 motions filed after final judgment is

(continued...)

It is therefore **ORDERED** that:

1. The Motion for Sanctions is **DENIED**.

2. Sklar's Motion to Dismiss the Motion for Sanctions is **DENIED** as moot.

**Date:   August 22, 2012**

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

cc: Rafail Theokary
P.O. Box 2027
Aston, PA 19014

---

[4](...continued)
entered in order to promote judicial economy, it also appears to leave the courts with some discretion in deciding when it is practicable to file a sanctions motion.

2007 WL 966507, at *22 (footnotes and quotation marks omitted).

Even under the "relaxed" standard articulated by Tobacco Road, the Motion for Sanctions is untimely.

As early as February 22, 2010, the last day of the liability trial, the Movants knew what evidence had been presented at trial and were in the position to evaluate whether they wished to seek sanctions under Rule 9011. The Motion for Sanctions could have been filed any time thereafter, and certainly in advance of the court's February 15, 2011 liability decision. Even if I use February 15, 2011 as the date on which the existence of the alleged Rule 11 violation became apparent, the Motion for Sanctions still is untimely. The Movants waited seventeen (17) months from that date before filing the Motion for Sanctions. Had the Motion been filed reasonably promptly after the February 2011 liability decision, it could have been resolved in conjunction with April 2012 final judgment, thus permitting all of the disputed matters to be heard in a single appeal. Even after the April 2012 final judgment, the Movants did not act promptly, waiting another three (3) months before filing the Motion.

The Movants have come forward with no justification for their failure to press their request for sanctions within the deadline set forth by the supervisory rule. To the extent that I have discretion to relax the deadline, there is no basis in the record for doing so.